718 So.2d 474 (1998)
Roy DORMAN
v.
Kelly WARD, DWCC and Richard L. Stalder, Secretary.
No. 97 CA 1662.
Court of Appeal of Louisiana, First Circuit.
June 29, 1998.
Rehearing Denied August 28, 1998.
Roy Dorman, Keithville, in pro. per.
Roxie F. Goynes-Clark, Baton Rouge, for Defendants  Appellees.
Before LOTTINGER, C.J.,[*] and SHORTESS, and FOGG, JJ.
*475 FOGG, Judge.
This appeal is brought by Roy Dorman a/k/a Michael Dorman a/k/a Roy Joran ("Dorman"), an inmate at Wade Correctional Center, from a judgment dismissing his suit for judicial review of an adverse decision of the Louisiana Department of Public Safety and Corrections ("LDOC") regarding his entitlement to receive credit toward his sentence for time served in a Florida penitentiary. For the reasons set forth below, we reverse.
In May of 1978, Dorman was sentenced to serve twenty-one years in the custody of the LDOC following his conviction for distribution of cocaine. After serving one-third of his sentence, Dorman was released on parole on December 21, 1985.
Following his release, Dorman relocated to the State of Florida.[1] According to Florida penal records, on June 28, 1994, Dorman pled guilty in Hillsborough County to two counts each of petit theft and dealing in stolen property. Relative to these convictions, Dorman was sentenced to time served on the counts of petit theft and to concurrent sentences of thirteen months each on the counts of dealing in stolen property. Pursuant to the plea agreement, the Florida trial court directed that Dorman's Florida sentences run concurrently with any potential sentence in Louisiana based on revocation of his parole.
On July 12, 1994, in Pinellas County, Florida, Dorman also pled guilty to three counts of grand theft, for which he was sentenced to serve concurrent sentences of twelve months on each count.[2] In that matter, the trial court ordered that the sentences run concurrently with the sentences imposed in Hillsborough County and Louisiana.[3]
Upon notification of Dorman's conviction of a subsequent felony, the State of Louisiana lodged a detainer against Dorman for revocation of his parole due to violation of its conditions. Louisiana authorities subsequently assumed custody of Dorman on November 1, 1995, the date on which he was scheduled to be released from Florida custody.
At a parole revocation hearing held on November 17, 1995, the members of the Louisiana Board of Parole voted to revoke Dorman's parole. Thereafter, Dorman applied to the LDOC to receive credit toward his sentence for parole revocation for time served in Florida. Following denial of his request, Dorman brought the instant action in the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge seeking judicial review of the LDOC's decision.[4] Following oral arguments, the commissioner recommended to the trial court that Dorman's suit be dismissed with prejudice. Judgment in accordance with the Commissioner's Recommendation was entered on May 29, 1997. From that judgment, Dorman appeals.
Dorman asserts that the trial court erred in failing to award him credit for the time he served in Florida. He argues that, because the Florida trial court expressly ordered that his Florida and Louisiana sentences be served concurrently, the LDOC was required to give him credit toward his Louisiana sentence for time served in Florida from June 28, 1994, the date of the initial Florida conviction. Dorman bases his argument on LSA-R.S. 15:574.10, which provides, in pertinent part, as follows:
§ 574.10 Conviction of a felony while on parole

*476 When a person is convicted in this state of a felony committed while on parole or is convicted under the laws of any other state or of the United States or any foreign government or country of an offense committed while on parole and which if committed in this state would be a felony, his parole shall be deemed revoked as of the date of the commission of the felony or such offense under the laws of the other jurisdiction. His parole officer shall inform the sentencing judge of the fact that the convicted defendant is a parole violator. The term for which the defendant shall be imprisoned as a parole violator shall be the same as that provided in cases of revocation of parole for violation of the conditions of parole. The new sentence of imprisonment shall be served consecutively to the term of imprisonment for violation of parole unless a concurrent term of imprisonment is expressly directed by the court.
Dorman urges that this provision authorized the new sentencing court, herein the Florida court, to direct that its sentences run concurrently with the term of imprisonment for violation of parole in this state. According to the Commissioner's Recommendation,[5] the LDOC's position is that "the Florida court has no authority to require Louisiana to grant concurrent status to a parole revocation sentence, and that the word `court' in La.R.S. 15:574.10 refers only to Louisiana courts."
In discussing LSA-R.S. 15:574.10 in State ex rel. George v. Hunt, 327 So.2d 375, 377 (La.1976), the Louisiana Supreme Court stated, "[T]his statute can have application only to the state courts, and clearly refers to a situation in which the felony committed while on parole is a state crime, punishable by a sentence imposed by a state judge." Thus, the court held that the statute could not be applied to afford an inmate credit toward his state sentence for time served in a federal penitentiary. We see no reason, however, why the statute cannot be applied to afford an inmate credit on his sentence in this state for time served on a concurrent sentence in another state.
Louisiana law provides that "[w]hen serving a concurrent sentence in ... another state, the defendant shall receive credit for time served as allowed under the laws of this state." LSA-C.Cr.P. art. 883.1(A). Accordingly, we conclude that Dorman was entitled to have credited toward his Louisiana sentence time spent in Florida custody from June 28, 1994, the date of the initial Florida conviction, through November 1, 1995, the date of his transfer to Louisiana. The trial court's judgment to the contrary was erroneous.
Dorman raises two additional assignments of error in brief. However, in light of our disposition of the previous issue, these assignments of error are moot.
For the foregoing reasons, the judgment of the trial court is reversed, and judgment is rendered in favor of Roy Dorman, awarding him credit toward his Louisiana sentence for time served in Florida from June 28, 1994, through November 1, 1995. Appeal costs in the sum of $408.29 are assessed against appellees.
REVERSED AND RENDERED.
NOTES
[*] Lottinger, C.J., retired on July 15, 1998, and thus did not consider this rehearing.
[1] The record is unclear as to whether Dorman absconded to Florida or whether his parole was transferred to that state.
[2] In brief, Dorman claimed he was sentenced to serve three years and six months relative to the grand theft conviction; however, such sentence was not found in the record.
[3] Since the Pinellas County sentences were ordered to run concurrently with and were actually completed prior to the Hillsborough County sentences, the latter convictions are irrelevant to our discussion herein and are noted only for completion of the record.
[4] As an inmate suit, the matter was assigned to a commissioner to conduct all proceedings and to make a recommendation to the appropriate district court judge. This procedure is utilized by the Nineteenth Judicial District Court to accommodate the large volume of lawsuits filed by inmates for judicial review of LDOC decisions. See LSA-R.S. 13:713.
[5] The LDOC filed no brief in this matter and chose instead to rely upon the recommendation of the commissioner.