1,PEATROSS, Judge.
Defendant, Jerry William Rutledge was charged with possession of Schedule IV controlled dangerous substances (CDS) with intent to distribute, possession of cocaine, possession of marijuana with intent to distribute, conspiracy to distribute marijuana and conspiracy to distribute Schedule IV CDS. The State agreed that, in exchange for Defendant’s guilty plea to conspiracy to distribute marijuana, it would dismiss all the other charges and that Defendant’s bail would be reduced pending sentencing. Defendant entered his guilty plea in 1996 in accordance with this plea agreement. He appeared before the trial court again in 2000 when he asked for and received an agreed sentence of eight years at hard labor, to be served consecutively to a sentence pending in Tennessee. The trial court thereafter denied a timely motion for reconsideration of sentence. On appeal, Defendant argues that his Tennessee and Louisiana sentences should be served concurrently as opposed to consecutively. Finding no merit to this claim, we affirm the conviction and sentence.

FACTS AND PROCEDURAL HISTORY

The matters of record show that, in October 1995, Defendant, a resident of Tennessee, was stopped for a traffic violation on Interstate 20 in Ouachita Parish. Circumstances at the scene, including conflicting statements by the occupants of the vehicle, led the investigating state trooper to request a consent to search. Defendant, who was the driver of the stopped vehicle, consented to the search which disclosed approximately 10 pounds of marijuana, approximately 4,000 tablets of Ro-hipnol, a Schedule IV CDS, approximately 900 tablets of Tenuate Dospan, also a Schedule IV CDS, and a variety of drug paraphernalia. A quantity of | .¿cocaine also was found. Defendant pled guilty to the marijuana conspiracy count in September 1996 and was released on reduced bail as agreed.
Thereafter, but before sentencing, Defendant returned to Tennessee where he allegedly performed some unspecified services for the Drug Enforcement Administration. He was also, however, arrested for aggravated robbery in Tennessee which he committed during that time. Defendant was convicted of the aggravated robbery and sentenced to eight years at hard labor by the Tennessee court, to be served concurrently with the pending Louisiana sentence.
Defendant, thereafter, appeared for sentencing in Louisiana. During the sentencing colloquy, the State, Defendant and the trial court agreed that Defendant would receive an eight-year sentence, to be served consecutively to the Tennessee sentence. The trial court imposed the agreed eight-year consecutive sentence. Defendant now appeals.

DISCUSSION

On appeal, Defendant argues that “it appears patently unfair” to require him to serve a consecutive sentence because the Tennessee court directed that its sentence would be served concurrently with the Louisiana sentence. We note that Defendant agreed to serve a consecutive sentence after the Tennessee court issued its judgment. Appellate defense counsel concedes in brief that an agreed sentence is not subject to review. Although the statute, La.C.Cr.P. art. 881.2, and the jurisprudence prohibiting appeals of agreed sentences refer to sentences agreed to on *33 the record at the time a guilty plea is entered, there does not appear to be, nor does defense counsel cite, any authority permitting a defendant to appeal a sentence agreed to, on |3the record, at any time after the plea. See e.g. State v. Bell, 412 So.2d 1335 (La.1982); State v. Brown, 427 So.2d 1284 (La.App. 2d Cir.1983); State v. Bonnett, 535 So.2d 535 (La.App. 3d Cir.1988), writ denied, 541 So.2d 869 (La.1989). This argument is without merit.
Defendant also urges that his sentence must be credited with time served on the Tennessee sentence. This issue, however, was not raised in Defendant’s motion for reconsideration of sentence. La. C.Cr.P. art. 881.1 precludes Defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial court in a motion for reconsideration of sentence. Further, a new basis for an objection cannot be raised for the first time on appeal. State v. Cressy, 440 So.2d 141 (La.1983); State v. O’Neal, 501 So.2d 920 (La.App. 2d Cir. 1987), writ denied, 505 So.2d 1139 (La.1987); La.C.Cr.P. art. 841.
We will, nevertheless, briefly address Defendant’s argument. Defendant relies on Dorman v. Ward, 97-1662 (La.App. 1st Cir.6/29/98),, 718 So.2d 474, writ denied, 98-2497 (La.4/23/99), 740 So.2d 647, in which the court held that the defendant, Dorman, was entitled to credit toward his Louisiana sentence for time served in Florida where the Florida court expressly ordered that the Florida and Louisiana sentences be served concurrently. Defendant’s reliance on this case is misplaced, as that case is factually distinguishable.
In Dorman, the defendant was on parole from Louisiana at the time he committed the Florida offense. He already had served a portion of his sentence in Louisiana. The first circuit specifically based its ruling on the_Jjlanguage of La. R.S. 15:574.10 dealing with “conviction of a felony while on parole.”
In the case sub judice, Defendant was not on parole from Louisiana at the time he committed the Tennessee offense for which he was sentenced in that state. His Louisiana status was that of a person released on bond pending sentencing. Thus, Dorman does not apply to this situation.
Defendant agreed, after the Tennessee court made its pronouncement, to serve a consecutive sentence in Louisiana. His claim that the sentences should be served concurrently, which is contrary to his agreement with the Louisiana court and which he entered into with the assistance of experienced counsel, is without merit as is his claim that he should receive credit toward his Louisiana sentence for time served on the Tennessee sentence.
We have examined the record for error patent, but found none.

CONCLUSION

The conviction and sentence imposed on Defendant, Jerry William Rutledge, are affirmed.
AFFIRMED.