1 ¡¿PARRO, J.
This appeal was brought by Jessie Perry (Perry), an inmate at Washington Correctional Institute in Angie, Louisiana, from a judgment dismissing his suit for judicial review of an adverse decision of the Louisiana Department of Public Safety and Corrections (DPSC), regarding his entitlement to receive credit toward the balance of his original sentence for time served in custody prior to his conviction for a post-parole felony.

*256
Factual and Procedural Background

In conjunction with his sentence for a September 15, 1984 offense committed in Jefferson Parish, Perry was released on parole with a balance of nine years, seven months, and twenty-eight days left on his sentence. On April 11, 1995, Perry was arrested in Orleans Parish on a charge of possession of a controlled dangerous substance. Perry either pleaded guilty or was found guilty on this felony charge and was sentenced on March 22, 1996, to two and one half years of imprisonment, with credit for time served. The court directed that the March 22, 1996 sentence run concurrently with any other sentence. As a result of this new conviction, Perry’s parole was revoked, leaving a balance of nine years, seven months, and twenty-eight days on his original sentence.
Perry was given credit for the time served in custody from April 11, 1995, to March 22, 1996, but only toward his new sentence of two and one half years for the post-parole felony. Because the balance of his original sentence of nine years, seven months, and twenty-eight days was the longer of the two sentences, Perry’s release date was calculated by DPSC to be nine years, seven months, and twenty-eight days from his March 22, 1996 sentencing date. Perry followed the administrative remedy procedure and applied to DPSC to have the 11 months of time served from April 11, 1995, to March 22, 1996, credited against the balance of his original sentence. Following denial of his request, Perry brought the instant action in the Nineteenth | ¡Judicial District Court seeking judicial review of DPSC’s decision.[1] After reviewing the pleadings and attachments filed in this case, the Commissioner recommended to the district court that Perry’s suit be dismissed with prejudice. Judgment in accordance with the Commissioner’s recommendation was entered on March 29, 2000. From that judgment, Perry appeals.

Discussion

Perry asserts that the district court erred in failing to award him credit against the balance of his original sentence for the time in question. He argues that because the sentencing court expressly ordered that his March 22,1996 sentence be served concurrently with any other sentence, he was required to be given credit toward the balance of his original sentence for time served from April 11, 1995 (the date of his initial imprisonment for the post-parole felony), to March 22, 1996 (the date of his sentence for the post-parole felony). Perry bases his argument on LSA-R.S. 15:574.10, which provides, in pertinent part, as follows:
When a person is convicted in this state of a felony committed while on parole or is convicted under the laws of any other state or of the United States or any foreign government or country of an offense committed while on parole and which if committed in this state would be a felony, his parole shall be deemed revoked as of the date of the commission of the felony or such offense under the laws of the other jurisdiction. His parole officer shall inform the sentencing judge of the fact that the convicted defendant is a parole violator. The term for which the defendant shall *257 be imprisoned as a parole violator shall be the same as that provided in cases of revocation of parole for violation of the conditions of parole. The new sentence of imprisonment shall be served consecutively to the term of imprisonment for violation of parole unless a concurrent term of imprisonment is expressly directed by the court.
Relying on the following language, “his parole shall be deemed revoked as of the date of the commission of the felony,” Perry asserts that the release date on the balance of his original sentence should be calculated from the date of the offense rather than the effective date of the revocation of his parole.
|4The fallacy in Perry’s argument, as noted by the Commissioner, lies in LSA-R.S. 15:574.9(E), which pertains to credit for time served where there has been a revocation of parole and provides:
When the parole of a parolee has been revoked by the board for the violation of the conditions of parole, the parolee shall be returned to the physical custody of the Department of Public Safety and Corrections, office of corrections services, and serve the remainder of his sentence as of the date of his release on parole, subject to consideration by the board of any commutation of the sentence, and any diminution of sentence earned for good behavior while in the institution. The parolee shall be given credit for time served prior to the revocation hearing whether such time is served in a local detention facility, state institution, or out-of-state institution, except that the parolee shall not receive credit for such time served prior to the revocation hearing where such hearing does not result in revocation, or the revocation is based on the subsequent conviction of a crime, in which case the parolee will receive credit for time served for the subsequent conviction pursuant to Code of Criminal Procedure Article 880.
This statute clearly states that a parolee shall not receive credit for such time served prior to the revocation hearing where the revocation is based on the subsequent conviction of a crime.[2] In such a case, the parolee is to receive credit for time served for the subsequent conviction pursuant to Louisiana Code of Criminal Procedure article 880, which provides that “[a] defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence.”
We interpret these provisions, as did the Commissioner, to mean that all jail credits, resulting from the arrest on the post-parole crime for which Perry was later convicted, shall be applied only to the sentence related to the post-parole felony conviction. Because Perry’s revocation in this case is based on his March 22, 1996 conviction of a felony, he is not entitled to credit for the time served prior to the revocation with respect to the remainder of his original sentence. Therefore, a release date calculated on the basis of nine years, seven months, and twenty-eight days from | Rthe effective date of his revocation, March 22, 1996, would be proper.[3]

*258
Decree

For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed against Jessie Perry.
AFFIRMED.

. As an inmate suit, the matter was assigned to a Commissioner to conduct all proceedings and to make a recommendation to the appropriate district court judge. This procedure is utilized by the Nineteenth Judicial District Court to accommodate the large volume of lawsuits filed by inmates for judicial review of DPSC decisions. Dorman v. Ward, 97-1662 (La.App. 1st Cir.6/29/98), 718 So.2d 474, 475 n. 4, writ denied, 98-2497 (La.4/23/99), 740 So.2d 647; see LSA-R.S. 13:713.

. The revocation of parole upon a subsequent conviction of a felony committed while on parole is automatic. Lay v. Louisiana Parole Board, 98-0053 (La.App. 1st Cir.4/1/99), 741 So.2d 80, 86, writ denied, 99-1959 (La.11/12/99), 749 So.2d 657.

. The facts of this case are distinguishable from those of Dorman v. Ward, 718 So.2d 474. On June 28, 1994, Dorman, who was on parole relative to a conviction in Louisiana for distribution of cocaine, pled guilty in Hills-borough County, Florida to two counts each of petit theft and dealing in stolen property. Relative to these Florida convictions, Dorman *258 was sentenced to time served on the counts of petit theft and to concurrent sentences of thirteen months each on the counts of dealing in stolen property. Pursuant to his plea agreement, the Florida trial court directed that Dorman’s Florida sentences run concurrently with any potential sentence in Louisiana based on revocation of his parole. When he was released from Florida custody on November 1, 1995, Louisiana authorities assumed custody of Dorman for revocation of his parole due to violation of its conditions. On November 17, 1995, the members of the Louisiana Board of Parole voted to revoke Dor-man’s parole. Thereafter, Dorman sought to receive credit toward the remainder of his original sentence for time served in Florida. Dorman v. Ward, 718 So.2d at 475. Relying on LSA-R.S. 15:574.10, without mentioning LSA-R.S. 15:574.9(E), this court concluded that Dorman was entitled to a credit toward the remainder of his Louisiana sentence for time served in Florida, from June 28, 1994, the date of the initial Florida conviction, through November 1, 1995, the date of his transfer to Louisiana. Dorman v. Ward, 718 So.2d at 476.
The credit sought in Dorman v. Ward pertained to time served following conviction and sentencing. Such a credit was not at issue in this case, and Perry seemingly admits that DPSC gave him such a credit. What Perry instead seeks is credit toward the remainder of his sentence for the time served from his arrest on April 11, 1995, to the date of his sentence, March 22, 1996. Therefore, this court's decision in Dorman v. Ward is not determinative of the issue before this court.