GEORGE TOKMAN
v.
RICHARD STALDER, SECRETARY OF LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS AND HENRY GOINES.
No. 2007 CA 0515.
Court of Appeals of Louisiana, First Circuit.
November 2, 2007.
GEORGE DAVID TOKMAN Plaintiff/Appellant, pro se.
MELINDA L. LONG Counsel for Defendant/Appellee. RICHARD L. STALDER
Before WHIPPLE, GUIDRY AND HUGHES, JJ.
WHIPPLE, J.
This is an appeal by plaintiff, George Tokman, an inmate in the custody of the Department of Public Safety and Corrections (the DPSC), from a judgment of the Nineteenth Judicial District Court, dismissing his petition for judicial review of an adverse decision from the DPSC, denying his request for an administrative remedy filed pursuant to the Corrections Administrative Remedy Procedure, LSA-R.S. 15:1171, et seq. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Tokman was convicted in the Thirty-sixth Judicial District Court, Parish of Beauregard, of armed robbery and was sentenced on February 20, 1981, to twenty years at hard labor in the custody of the DPSC, without benefit of probation, parole, or suspension of sentence. Shortly thereafter, Louisiana authorities surrendered Tokman to the state of Mississippi pursuant to an Executive Agreement to face prosecution on a capital murder charge in Hinds County, Mississippi.
Tolman was convicted in Mississippi and remained in custody in Mississippi until paroled on February 28, 2005. Tokman was then returned to Louisiana to serve out his twenty-year sentence on the Louisiana armed robbery conviction, with his full-term release date calculated as July 8, 2024. Thereafter, Tokman filed the request for administrative remedy at issue herein, contending that his time computation was in error and that he was entitled to immediate release. Specifically, Tolman contended that pursuant to the Executive Agreement, by which he was surrendered to Mississippi for prosecution, he was to be returned to Louisiana when the prosecution in Mississippi terminated. However, he averred, instead of being timely returned to Louisiana at the conclusion of the Mississippi prosecution, he remained in Mississippi until his release from custody on February 28, 2005. Thus, Tolman contended, because he was not timely returned to Louisiana pursuant to the Executive Agreement, the DPSC should have been prohibited from enforcing the Louisiana sentence.[1]
Tolman's request for relief was denied at the first administrative level, and he then amended his request for relief, contending that he should have been given credit toward his Louisiana sentence for time served in Mississippi on the Mississippi conviction from the time the Mississippi prosecution terminated (on October 31, 1991) until he was returned to custody in Louisiana (on February 28, 2005). Tokman's request for relief was again denied at the second administrative level, wherein the DPSC noted that it did not have authority to compute the twenty-year Louisiana sentence to run concurrently with the Mississippi sentence.
Tokman then instituted a petition for judicial review in the district court below. In his petition, Tokman contended that his 1981 sentence for the Louisiana armed robbery conviction either "ran unabated" when Louisiana did not reacquire custody of him at the conclusion of the Mississippi prosecution, as contemplated by the Executive Agreement, or that his Louisiana sentence "co-terminated" with his lengthier Mississippi incarceration (i.e., that he should have gotten credit toward his Louisiana sentence for time served in Mississippi). Tokman contended that accordingly, he was entitled to immediate release. Alternatively, Tokman contended that his Louisiana sentence began to run anew when his Mississippi prosecution terminated on October 31, 1991, and that he should be given credit toward his twenty-year sentence from that date until he was taken back into custody on Feburary 28, 2005, a credit of thirteen years and four months. Tokman also contended that because the DPSC did not require his co-defendant to return to Louisiana to resume serving his Louisiana sentences, he was denied equal protection when the DPSC required him to serve out his Louisiana sentence.
In his recommendation, the Commissioner concluded that Tokman had failed to prove his entitlement to credit for time served in Mississippi, noting that Tolman did not present any evidence to establish that the Mississippi sentencing court specified that Tokman's Mississippi term was to run concurrent with his prior Louisiana sentence. Also, the Commissioner found no merit to Tokman's contentions that his sentence ran unabated when Louisiana authorities did not reacquire custody of him at the termination of the Mississippi prosecution or that he was entitled to credit toward the Louisiana sentence from the time of termination of the Mississippi prosecution until Louisiana reacquired custody of him. The Commissioner noted that the Executive Agreement did indicate that the state of Mississippi had agreed to return Tokman to Louisiana authorities, at Mississippi's expense, when the Mississippi prosecution terminated. Nonetheless, the Commissioner concluded, the mere fact that Tokman had served out his Mississippi sentence first did not relieve Tokman of serving his Louisiana sentence. Accordingly, the Commissioner recommended that Tokman's petition for judicial review be dismissed with prejudice. In accordance with the Commissioner's recommendation, the district court rendered judgment on January 10, 2007, dismissing Tokman's suit with prejudice. From this judgment, Tokman appeals.

DISCUSSION
Louisiana Revised Statute 15:1177(A)(9) sets forth the appropriate standard of judicial review by the district court, which functions as an appellate court when reviewing the DPSC's administrative decision through CARP. Specifically, the court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative decision or findings are (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary, capricious or characterized by abuse of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. LSA-R.S. 15:1177(A)(9); Lightfoot v. Stalder, XXXX-XXXX (La. App. 1st Cir. 6/22/01), 808 So. 2d 710, 715-716, writ denied, 2001-2295 (La. 8/30/02), 823 So. 2d 957.
Pursuant to LSA-C.Cr.P. art. 883.1(A), "[w]hen serving a concurrent sentence in ... another state, the defendant shall receive credit for time served as allowed under the laws of this state." Dorman v. Ward, 97-1662 (La. App. 1st Cir. 6/29/98), 718 So. 2d 474, 476, writ denied, 98-2497 (La. 4/23/99), 740 So. 2d 647. Thus, where the sentencing court in another state orders that a sentence in that state is to run concurrently with a previous sentence imposed in Louisiana, then the defendant is entitled to credit for time served in that other state against his Louisiana sentence. See Dorman, 718 So. 2d at 475-476.
In the instant case, however, as noted by the Commissioner, Tokman presented no evidence to establish that his Mississippi sentence was ordered or qualified at his sentencing to run concurrently with his previous Louisiana sentence. Thus, he simply failed to establish his entitlement to credit toward his Louisiana armed robbery sentence for time served in Mississippi for his conviction and sentence in that state.
Likewise, we do not find that the DPSC's rejection of Tokman's argument that he should be released due to his alleged untimely return to Louisiana (as per the terms of the Executive Agreement) to be legally erroneous or arbitrary, capricious or characterized by abuse of discretion. See LSA-R.S. 15:1177(A)(9). Again, as noted by the Commissioner, while the state of Mississippi may have agreed to return Tokman to Louisiana at the conclusion of the Mississippi prosecution (pursuant to an agreement between the governors of Mississippi and Louisiana, an agreement to which Tokman was not a party), Tokman nonetheless still had two sentences to serve, one in Louisiana and one in Mississippi. Because he failed to establish that either sentence was ordered to run concurrently with the other, he failed to establish his entitlement to release or credit for any time served in Mississippi. Moreover, pursuant to the Executive Agreement, the DPSC relinguished custody of Tokman to the state of Mississippi until his later return to Louisiana. Thus, because Tokman was not in the custody of the DPSC while serving his Mississippi sentence, his argument that his Louisiana sentence "ran unabated" when he was not returned to Louisiana at the conclusion of the Mississippi prosecution is also without merit.
Finally, regarding Tokman's argument that he has been treated differently than his co-defendant, we note that both the Fourteenth Amendment to the U. S. Constitution and LSA-Const. art. I, § 3 provide that all persons are entitled to equal protection of the law. These provisions mandate that persons similarly situated receive like treatment. American International Gaming Association, Inc. v. Louisiana Riverboat Gaming Commission, 2000-2864 (La. App. 1st Cir. 9/11/02), 838 So. 2d 5, 15.
However, the equal protection provisions of the state and federal constitutions do not require absolute equality or precisely equal advantages. American International Gaming Association, Inc., 838 So. 2d at 15. Moreover, a prisoner who has been properly convicted has no constitutional or inherent right to early release from a valid sentence. Frederick v. Ieyoub, 99-0616 (La. App. 1st Cir. 5/12/00), 762 So. 2d 144, 148, writ denied, XXXX-XXXX (La. 4/12/01), 789 So. 2d 581.
In the instant case, there is absolutely nothing in the administrative record to support Tokman's contentions of unequal treatment. Under the statutory framework of the Corrections Administrative Remedy Procedure Act, the opportunity for the parties to present evidence occurs at the administrative level, and review by the district court and appellate court is limited to the record established at the administrative level, absent any alleged irregularities in the procedure before the agency. LSA-R.S. 15:1177(A)(5); Robinson v. Stalder, 98-0558 (La. App. 1st Cir. 4/1/99), 734 So. 2d 810, 812.
Tokman offered no evidence to establish that he and his co-defendant were similarly situated and were treated differently. Moreover, even assuming that some error was made by the DPSC with regard to Tokman's co-defendant's Louisiana sentence, Tokman would have no constitutional or inherent right to early release from his valid Louisiana sentence on the basis of an error by the DPSC as to the sentence of another inmate. This argument also lacks merit.

CONCLUSION
Based upon our review of the administrative record and pursuant to LSA-R.S. 15:1177(A)(9), we find no error of law or fact and no violation of Tokman's constitutional rights in the administrative decision of the DPSC, nor do we find that the DPSC was arbitrary or capricious in denying Tokman's requested relief. See LSA-R.S. 15:11177(A)(9)(a), (d), (e) & (f). Thus, in accordance with Uniform RulesCourts of Appeal, Rule 2-16.1(B), the judgment is affirmed. Costs of this appeal are assessed against plaintiff, George Tolman.
AFFIRMED.
HUGHES, J., dissenting.
I respectfully dissent. Petitioner began serving his Louisiana sentence on February 20, 1981. Thereafter he was powerless to prevent the agreement by Louisiana which sent him to Mississippi. He was powerless to bond out or be released while in Mississippi until his prosecution in Mississippi ceased; he would have been returned to Louisiana without any interruption in his incarceration pursuant to his Louisiana sentence. Thus he should receive credit for the time served from 2/20/81 through 10/31/91 when he was convicted in Mississippi. Therefore, Louisiana has no control over the fact that his Mississippi sentence was not run concurrent with his Louisiana one.
NOTES
[1] Tokman also contended that his co-defendant, Michael Leatherwood was released from Mississippi on parole from a life sentence, as Tolman was, but that Leatherwood was not required to return to Louisiana to serve two sentences imposed against him in Louisiana. Thus, Tokman contended, he also should not be required to serve out his Louisiana sentence.