637 So.2d 645 (1994)
STATE of Louisiana, Appellee,
v.
Jeffrey Brooks HALL, Appellant.
Nos. 26,006-KA, 26,007-KA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1994.
Richard C. Goorley, Shreveport, for appellant.
Paul Carmouche, Dist. Atty., Daniel R. Keele, Shreveport, for appellee.
Before SEXTON, BROWN and WILLIAMS, JJ.
*646 BROWN, Judge.
Defendant, Jeffrey Brooks Hall, was initially charged by bill of information with one count of possession with intent to distribute cocaine and a second count of possession of more than 28 grams of cocaine. In a separate bill of information, Hall was charged with possession of cocaine. Hall reached an agreement with the district attorney and pled guilty to possession with intent to distribute cocaine and possession of cocaine as charged in the second bill of information. The count charging possession of more than 28 grams of cocaine was dismissed and a sentence cap of ten years was set. While on bond awaiting sentencing, Hall was arrested on similar drug charges in Texas. Thereafter, Hall received a ten year hard labor sentence for possession with intent to distribute and a concurrent five year hard labor term for possession. Hall then filed motions to reconsider his sentences and to withdraw his guilty pleas. Hall appeals the trial court's denial of both motions. For the reasons set forth below, we affirm.

DISCUSSION

Motion to Withdraw Guilty Plea
A trial court may allow a guilty plea to be withdrawn at any time prior to sentencing. LSA-C.Cr.P. Article 559(A). The withdrawal of a guilty plea is discretionary with the trial court, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Essex, 618 So.2d 574 (La.App.2d Cir.1993).
Even after sentence has been imposed, if the trial court finds either that the guilty plea was not free and voluntary or that the Boykin colloquy was inadequate, the trial court has the authority to vacate the sentence and set aside the plea. State v. Boudreaux, 616 So.2d 733 (La.App. 1st Cir. 1993), citing State v. Lewis, 421 So.2d 224 (La.1982). In Lewis the supreme court stated:
"[I]t is only reasonable to permit withdrawal... because it (guilty plea) may be attacked on constitutional grounds, even after sentence by a writ of habeas corpus. Hence, judicial economy obviously suggests that the trial judge should have jurisdiction to immediately conduct a hearing... even after sentence."
This is even truer when, as in the instant case, a motion to reconsider sentence is timely filed and pending.
When the record establishes that an accused was informed of and waived his right to trial by jury, to confront his accusers and against self-incrimination, then the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. State v. Bradford, 627 So.2d 781 (La.App.2d Cir.1993). See also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
Pursuant to a plea bargain, on January 11, 1993, defendant pled guilty to reduced charges, subject to a sentence cap of ten years. The trial court went through an extensive colloquy with defendant and discussed the rights he was waiving by pleading guilty, the minimum and maximum sentences and the terms of the plea bargain. The trial court found that there was a factual basis for defendant's pleas, that the pleas were freely and voluntarily made and that defendant understood the nature of the charges against him.
After a pre-sentence investigation, defendant's sentencing hearing was held on June 18, 1993. On the basis of the PSI and defendant's drug-related arrest in Texas while out on bond, the trial court sentenced defendant to ten years on count one and five years on count two, with the sentences to run concurrently.
At the sentencing hearing, the following discussion occurred between the court and defendant:
THE COURT: Mr. Hall, do you have anything to say on your behalf before the Court pronounces sentence?
THE DEFENDANT: Yes, sir. I was hoping to get probation. And I have filled out a school grant, and I am waiting to enter school. I realize, you know, drugs has totally messed up my life, and I want to start school and learn a trade or something. (emphasis added).
THE COURT: Let me ask you a question.

*647 THE DEFENDANT: Yes, sir.
THE COURT: You pled guilty in front of me in Louisiana. And I read the transcript and nowhere in that transcript did I give you permission to go to Texas. You go to Texas, and I have got an offense report from February 18, 1993, from the Texas Department of Public Safety Criminal Law Enforcement Division of you being arrested again for possession of a controlled, dangerous substance, first, which is a felony there, and resisting arrest. And when I read the offense report, it has some very serious allegations.
Now, you are asking me to place you on probation; I want you to explain to me why I should. You have been in and out of my court, and I have let you out on bond even when you got arrested on the new charges, and then now I had to issue a bench warrant to get you back in court, because you didn't show up for sentencing.
THE DEFENDANT: Did you receive a letter from my mother?
THE COURT: I read the letter, but
THE DEFENDANT: I wasn't trying to run. I didn't know there was a warrant, and I was just trying to take care of her.
THE COURT: I set a sentencing date, and I didn't give you permission to leave the jurisdiction of the Court.
THE DEFENDANT: Well, I live in Houston. I didn't know that. I mean
On July 14, 1993, new counsel was enrolled for Hall and motions to reconsider the sentences and to withdraw his guilty pleas were filed. An evidentiary hearing on defendant's motions was held on August 3, 1993. Hall's motion to withdraw his pleas was based solely on the allegation that his former attorney promised that he would receive probation.
In support of his motion to set aside his guilty pleas, defendant introduced into evidence a letter typed on Gregory Caver's, his former attorney's, letterhead, addressed "To Whom It May Concern" and dated December 1, 1992. The letter stated that Mr. Caver represented Mr. Hall (defendant) on all criminal charges and that "after reviewing the matters with all District Attorneys involved, and upon agreement with the Judge presiding over his cases, Mr. Hall is to be placed on supervised probation."
During questioning, defendant admitted that he got his former attorney to write this letter to the finance company who had repossessed his car. According to defendant, in order to get his car back, he needed verification that he would not be going to jail, but would be placed on probation. This letter was written prior to the guilty pleas and while Hall was on bond. The state objected to this letter on the basis of hearsay and lack of authentication. The trial court allowed the letter into evidence, but stated that "Mr. Caver was not called, and I have the unsubstantiated allegation that that was the purpose of this letter. It does not take the place of the court's discussion with the defendant on the record under oath."
Defendant also testified that his attorney (Caver) told him prior to his pleading guilty that the state wanted him to do 60 days and since he had already served 60 days, he would get credit for time served and probation and that he thereafter pled guilty on the basis of what his attorney told him.
A guilty plea is invalid when the defendant is induced to plead guilty by a plea agreement or by what the defendant reasonably believes is a plea agreement and the terms of the bargain are not satisfied. State v. Holmes, 475 So.2d 1057 (La.1985); State v. Jones, 546 So.2d 1343 (La.App. 3d Cir. 1989).
Where a defendant's misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there are no grounds for withdrawal of the plea. State v. Jones, supra. In the absence of fraud, intimidation or incompetence of counsel, a guilty plea is not made less voluntary or less informed by the considered advice of counsel. State v. Readoux, 614 So.2d 175 (La.App. 3d Cir.1993).
In denying defendant's motion to set aside his guilty pleas, the trial court stated that he reviewed the transcript of the guilty plea hearing and found no indication that either the state or the court had led defendant to believe that he would receive a probated sentence. In addition, the trial court *648 noted that defendant did not call his former attorney, Caver, to testify about this alleged agreement. The trial court found that defendant's unsubstantiated allegations, including the letter and its contents, were not enough to carry his burden of proving that his guilty pleas were involuntary.
As set forth above, the trial court specifically asked defendant at sentencing why he was asking for probation. Defendant did not respond that he or his attorney had been promised probation by either the state or the trial court. Instead, defendant only stated that he had "hoped" for probation because he realized that "drugs has totally messed up my life, and I want to start school and learn a trade or something."
We find no error in the trial court's denial of defendant's motion to withdraw his guilty pleas.

Motion to Reconsider Sentence
This assignment of error was not briefed by defendant. Assignments of error that are neither briefed nor argued are considered abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App.2d Cir.1989); U.R.C.A. 2-12.4.
Hall, who significantly benefited from the dismissal of the possession of more than 28 grams of cocaine charge, was sentenced in accordance with an agreed-upon cap. The trial court expressed "serious problems" with the cap considering the large quantities of cocaine Hall possessed and the arrest pending sentencing. It was clear that Hall was involved in selling cocaine and that his sentences were justified.

CONCLUSION
For the reasons set forth above, defendant's convictions and sentences are affirmed.