661 So.2d 542 (1995)
STATE of Louisiana, Appellee,
v.
Anthony H. ANDERSON, Appellant.
No. 27,356-KA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1995.
*543 Kidd-Culpepper by Paul Henry Kidd, Sr., Monroe, for appellant.
District Attorney, Jerry L. Jones, Monroe, Asst. District Attorney by Marcus L. Clark, for appellee.
Before SEXTON, NORRIS and STEWART, JJ.
STEWART, Judge.
The state charged defendant with four counts of distribution of cocaine and one count of possession of cocaine with intent to distribute. Pursuant to a plea bargain, in which the state agreed the sentences for each count could run concurrently with each other, defendant pled guilty as charged. On the state's motion, the trial court held a sentencing hearing. The court imposed a sentence consisting of a fine of $10,000.00 and 18 years at hard labor, with all but the first 12 years suspended, on each count, with the sentences to be served concurrently. The defendant filed a motion to withdraw his guilty plea. *544 The court denied the motion. We affirm the conviction and the sentence.

FACTS
The matters of record show that on June 18, 22, 29, and 30 of 1992, Anthony H. Anderson sold "eight balls" of crack cocaine to undercover police officers assigned to the Monroe Metro Narcotics Unit. The first two sales were to one officer; the third and fourth sales were to a second officer. The June 18 sale involved 3 grams of crack for $180. The June 22 sale involved 2.7 grams of crack for $170. The June 29 sale involved 2 grams for $180. The final sale on June 30 involved 2.3 grams for $165. Laboratory analysis confirmed that the substances obtained from each sale were cocaine. Police obtained a search warrant for defendant's residence, and upon its execution on July 15, 1992, officers seized a 22 gram piece of crack cocaine, scales, packaging materials, and the financial records of defendant's drug transactions.
Defendant's records revealed that he had made over 1,000 sales of cocaine involving over 3,000 grams of cocaine for a total price of over $297,000 during the 12 month period preceding his arrest. Defendant's records corroborated the four distribution charges to which he pled guilty. Portions of the illicit proceeds were used to purchase a house and a Porsche for his wife, a police officer, in Atlanta, Georgia.
The state's motion, requesting the sentencing hearing, indicates that the state intended to demonstrate to the court that an upward departure from the guidelines was warranted, because this was not the typical case for which the sentence recommended by the guidelines would be appropriate. The guidelines' recommendation for distribution of cocaine, a level 2 offense, is 36-60 months for a person with no prior record. The minimum mandatory sentence is 60 months, while the statutory maximum is 30 years.
Several weeks after the sentencing hearing, defendant moved to withdraw his guilty plea or, in the alternative, for reconsideration of sentence. In his motion, defendant urges that the state denied him his rights by using excessive bail and by failing to respond timely to discovery requests, that the sentence was vague and ambiguous, that he was denied effective assistance of counsel, and that the sentence was excessive and should have been probated. The trial court denied the motion, and the defendant subsequently filed this appeal.

DISCUSSION
In his only assignment of error, defendant contends that the trial court erred in denying his motion to withdraw his guilty plea. As the basis for this assignment, defendant submits that he did not knowingly and intelligently enter into the agreement. Defendant argues only that he should have been allowed to withdraw his guilty plea, because the state failed to inform him that it intended to seek an upward departure from the sentence recommended by the Louisiana Felony Sentencing Guidelines. While defendant concedes that "the state never intended to enter into a plea bargain agreement prohibiting the state from asking for an upward deviation from the sentencing guidelines," the state "should have informed him of its intent to request an upward deviation from the sentencing guidelines."
Withdrawal of a guilty plea after sentence is discretionary with the trial court, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Essex, 618 So.2d 574 (La.App. 2d Cir.1993). In Essex, the guilty plea was upheld where the record showed that the trial court complied with Boykin, discussed the minimum and maximum sentences and the terms of the plea bargain, defendant agreed his plea was not induced by threats, coercion or undisclosed promises, and there was no basis to conclude that the court abused its discretion in refusing to allow defendant to withdraw his plea.
"Testing" a sentence and then attempting to withdraw a guilty plea when the sentence is not satisfactory is not a permissible ground for withdrawal of a guilty plea. State v. Boatright, 406 So.2d 163 (La.1981); State v. Hunter, 628 So.2d 57 (La.App. 1st Cir.), writ denied, 634 So.2d 372, reconsideration denied, 635 So.2d 1120 (La.1993); State *545 v. Fontenot, 535 So.2d 433 (La.App. 3d Cir. 1988).
A trial court may set aside a guilty plea and sentence when the facts surrounding the guilty plea show it to be constitutionally deficient. State v. Smith, 406 So.2d 1314 (La.1981).
A guilty plea is constitutionally infirm when a defendant is induced to enter that plea by what he justifiably believes was a plea bargain, and that bargain is not kept. State v. Dixon, 449 So.2d 463 (La.1984).
To ensure that a guilty plea is knowingly and voluntarily entered, a defendant must be advised of the constitutional rights he is waiving: the privilege against self-incrimination; the right to trial by jury; and the right to confront his accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). Additionally, a defendant must be informed of the possible range of sentences for the offense to which he is pleading guilty. State ex rel. Turner v. Maggio, 463 So.2d 1304 (La.1985). This latter requirement has been extended so that if the statute under which the defendant is pleading guilty provides that the sentence is to be served without benefit of parole, probation, or suspension of sentence, the defendant must be so informed. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Williams, 554 So.2d 139 (La.App. 2d Cir.1989).
Where the record establishes that an accused was informed of and waived his right to trial by jury, to confrontation and against self-incrimination, then the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. State v. Bradford, 627 So.2d 781 (La.App. 2d Cir. 1993); State v. Hall, 26,006 (La.App. 2d Cir. 5/4/94), 637 So.2d 645.
In the instant case, the defendant has failed to meet this burden of proof. The record of the guilty plea shows that the court advised defendant of his rights, that he knowingly, intelligently and voluntarily waived them, and that the state clearly did not intend for defendant to receive any less than the maximum permissible sentence. At the outset, defense counsel (Young) told the court that the agreement was only that the state would allow the sentences to run concurrently "thereby limiting the defendant's exposure to five to thirty years at hard labor and not to exceed $15,000 in fine," according to Assistant District Attorney Clark. Clark also said that the state had not agreed to probation.
Defendant concedes that the state never intended to enter into a plea agreement in which it could not argue for an upward departure from the sentencing guidelines' recommendation. Thus, by defendant's own admission, there is no plea bargain which was not kept. Additionally, defendant has not presented any authority which requires the state as part of a plea bargain to disclose its intent to seek an upward departure from the sentence recommended by the sentencing guidelines.
Defendant told the judge that there was no specific agreement regarding what the sentence would be, except that they would run concurrently. He also said there was no understanding or even impression with regard to the plea agreement other than what was stated on the record.
The judge informed defendant of the minimum and maximum sentences which could be imposed. He was also informed by the court of his rights to a jury trial, silence, and confrontation. Defendant again agreed that there was no agreement to induce his guilty plea, other than that stated on the record, and there had been no threats made to induce his plea.

CONCLUSION
The trial court did not abuse its discretion or act arbitrarily in denying the motion to withdraw the guilty plea. Thus, the conviction and the sentence are affirmed. We have examined the record for error patent and found none.
AFFIRMED.