740 So.2d 687 (1999)
STATE of Louisiana, Appellee,
v.
Regjet YOUNGBLOOD, Appellant.
No. 32,003-KA.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1999.
*688 Wilson Rambo, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, Don M. Burkett, District Attorney, Clifford Royce Strider, III, Assistant District Attorney, Counsel for Appellee.
Before NORRIS, C.J., and CARAWAY and KOSTELKA, JJ.
*689 NORRIS, Chief Judge.
Regjet Youngblood pled guilty to forgery, a violation of La. R.S. 14:72. The trial court imposed the agreed sentence of eight years at hard labor. Youngblood now appeals his conviction and sentence. We affirm.

Facts
On November 11, 1997, Youngblood stole a check from Jimmy Bennett, filled it out for $60, and cashed it at Hughes Value Plus. On May 13, 1998, Youngblood pled guilty to one count of forgery. Youngblood agreed to plead guilty to the one count of forgery; and in exchange, the state agreed not to file a habitual offender bill against him. The parties further agreed that Youngblood would receive eight years at hard labor.
On June 8, 1998, Youngblood filed a prose motion to reconsider sentence. Youngblood contended that his sentence should have been less for one forgery charge involving only $60. Additionally, he alleged that his attorney did not adequately communicate with him. The court held a hearing on this pro-se motion on July 15, 1998; Youngblood was not present during the hearing, but his attorney was. The trial court considered and denied the motion on grounds that the plea and sentence were agreed upon.
On August 10, 1998, Youngblood filed another pro-se motion to reconsider sentence. This time he alleged that despite repeated attempts to contact his attorney, the attorney failed to communicate with him prior to his guilty plea and sentencing. Youngblood further alleged that "at the last moment" his attorney advised him not to go to trial because he would be billed as a habitual offender and receive "10 years times 2." Youngblood admitted that he has a criminal record, but claimed that 8 years is excessive for one count of forgery, and that the court failed to consider any mitigating factors when imposing his sentence.
On September 3, 1998, the trial court held a hearing on the second pro-se motion. Youngblood was present and represented by his newly appointed counsel, who advised the court that the motion appeared to be in the nature of a petition for post-conviction relief. The motion was then submitted on the record. On September 8, 1998, the trial court filed an order denying the motion to reconsider sentence without reasons.
On September 17, 1998, Youngblood filed a third motion to reconsider sentence, identical to the previous one. The trial court does not appear to have taken action on the third motion. Youngblood then filed a pro-se motion for an out of time appeal on September 25, 1998 which the trial court granted.

Discussion: Excessiveness of Sentence
By his first assignment of error, Youngblood challenges the denial of his motions to reconsider. The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La.C.Cr.P. art. 881.2A(2); State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171. As all terms of the agreement were clearly set forth at the Boykin hearing, the assigned error lacks merit.

Withdrawal of Guilty Plea
In his brief, Youngblood contends that his motions to reconsider sentence should be treated as a motion to withdraw his guilty plea. Youngblood alleges that his appointed counsel did not communicate or advise him as to the strength or weakness of the state's case; thus, Youngblood argues that his plea was not knowingly, intelligently, and voluntarily entered. He argues that as a result, he was either misinformed or lacked the appropriate information and understanding regarding his case and that he became intimidated and pled guilty. Youngblood argues that these circumstances call into question the voluntariness of his guilty plea.
*690 This court will consider the substance of the filing rather than the caption of the filing. State ex rel. Daley v. State, 97-2612 (La.11/7/97), 703 So.2d 32; Smith v. Cajun Insulation, 392 So.2d 398 (La. 1980).[1]
A trial court may allow a guilty plea to be withdrawn at any time prior to sentencing. La.C.Cr.P. art. 559; State v. Hall, 26,006 (La.App.2d Cir.5/4/94), 637 So.2d 645, writ denied, 94-1373 (La.9/30/94), 642 So.2d 868. The withdrawal of a guilty plea is discretionary with the trial court, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Anderson, 27,356 (La.App.2d Cir.9/27/95), 661 So.2d 542; State v. Hall, supra. Even after sentence has been imposed, if the trial court finds either that the guilty plea was not free and voluntary or the Boykin colloquy was inadequate, the court has the authority to vacate the sentence and set aside the plea. State v. Hall, supra; State v. Smith, 406 So.2d 1314 (La.1981); State v. Anderson, supra.
Under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the decision to plead guilty is not free and voluntary unless the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Watts, 550 So.2d 711 (La.App. 2d Cir. 1989); State v. Hill, 30,552 (La.App.2d Cir.5/13/98), 714 So.2d 814; La.C.Cr.P. art. 556.1. The defendant must also be informed of what the plea connotes and the consequences of the plea, including the permissible range of sentences. State v. Watts, supra; State v. Hill, supra.; La. C.Cr.P. art. 556.1. Where the record establishes that an accused was informed of and waived his rights to trial by jury, to confrontation, and against self-incrimination, then the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. State v. Anderson, supra; State v. Hall, supra
Before accepting Youngblood's guilty plea, the court inquired about his address prior to his incarceration, his birth date and age, his ability to read, write, and speak the English language, his educational background and employment history. The court further inquired if Youngblood was under a doctor's care for any physical or mental problems and if he was under the influence of alcohol, drugs, or other medication; he responded that he was not. The court also inquired if Youngblood was satisfied with the representation of his appointed counsel and he responded affirmatively.
The court advised Youngblood of the nature of the charge to which he was pleading guilty and the penalty exposure for forgery. The court reminded Youngblood of the agreed sentence of eight years at hard labor. The court advised Youngblood of his rights to a trial by jury, to confront his accusers, against self-incrimination, and to a presumption of innocence and that he would be giving up these rights by pleading guilty. The court advised Youngblood that because his sentence was an agreed sentence, he gave up his right to appeal both the conviction and sentence by pleading guilty. Youngblood responded that he understood each of these rights. The court inquired if Youngblood had been promised anything or threatened in any way to cause him to plead guilty. Youngblood stated that he was pleading guilty voluntarily and that he *691 had not been promised anything or threatened in any way.
After the state recited the basis of the charge against Youngblood and Youngblood admitted the facts, the court found that there was a factual basis for accepting the plea and that his plea was knowingly, intelligently, and voluntarily entered. The trial court then accepted Youngblood's guilty plea.
Youngblood stated that he understood the plea agreement. The record further indicates that the habitual offender bill of information would have charged Youngblood as a fourth felony offender, thereby exposing him to a sentence of not less than 20 years. La. R.S. 17:72, 15:529.1A(1)(c)(i). Thus, if defense counsel advised Youngblood of the substantial risk of a multiple offender bill, this cannot be reasonably construed as intimidation, but rather as advice of counsel. State v. Hall, supra. Youngblood did not show that his guilty plea was involuntary, therefore this assignment of error is without merit.

Conclusion
For the foregoing reasons, Youngblood's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] It appears that Youngblood also raised claims of ineffective assistance of counsel, although the issue is not briefed on appeal. The instant record, however, is simply inadequate to support the claim, which would be more suitably advanced by PCR. State v. Hamilton, 92-2639 (La.7/1/97), 699 So.2d 29; State v. Seay, 521 So.2d 1206 (La.App. 2d Cir.1988). Brevity of consultation time alone will not normally support an ineffective assistance claim. See State v. LeBeau, 621 So.2d 26 (La.App. 2d Cir.), writ denied 629 So.2d 359 (1993).