968 So.2d 853 (2007)
STATE of Louisiana, Appellee
v.
Kelvin Dewayne BRAZIEL, Appellant.
No. 42,668-KA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 2007.
*856 Peggy J. Sullivan, Monroe, for Appellant.
Paul J. Carmouche, District Attorney, Tommy J. Johnson, Assistant District Attorney, for Appellee.
Before WILLIAMS, CARAWAY and MOORE, JJ.
WILLIAMS, J.
The defendant, Kelvin Dewayne Braziel, was charged by bill of information with distribution of a Schedule II Controlled Dangerous Substance ("CDS"), cocaine, a violation of LSA-R.S. 40:967(A)(1). Following a jury trial, the defendant was convicted as charged. He was adjudicated a second habitual offender and sentenced to serve 15 years at hard labor without benefit of probation or suspension of sentence. For the following reasons, we affirm the defendant's conviction and sentence. Further, we order that the incorrect transcript which appears in the appellate record be removed from the record and we order the court minutes be amended to reflect the sentence ordered in the correct transcript. We also order the trial court minutes to be amended to reflect the sentence of 15 years at hard labor without benefit of probation or suspension of sentence and without benefit of parole for the first two years.

FACTS
On December 5, 2000, Agent Lee Jay Scott and Agent Rodney Demery of the Shreveport Police Department were working undercover as part of a citywide narcotics investigation to expose "street-level" drug dealers in areas in which the department had received complaints of drug activity. The agents patrolled the area in an unmarked vehicle equipped with an electronic listening device, and back-up officers, who were waiting nearby in a van, were able to listen to transactions. Agent Scott and Agent Demery were carrying currency in various denominations to use for drug transactions and had photocopied the currency.
Agent Scott and Agent Demery observed the defendant and six other individuals standing near a residence in the 100 block of North Dale Street. The agents drove up to the group and asked where they could "get two," meaning two "rocks" of crack cocaine. The defendant gestured for the agents to go in another direction, but one of the other individuals wanted them to pull into the driveway of the residence. Considering this to be unsafe, Agent Demery suggested that they drive around the block. When the agents returned, Agent Scott asked the defendant if he could have "two," and the defendant pointed to a location in the 200 block of North Dale Street. After circling the block a second time, the agents drove to the location where the defendant had indicated. Agent Scott gave the defendant two of the previously photographed $10 bills, and the defendant gave him two clear plastic bags with a red heart, each containing what appeared to be a rock of crack cocaine.
Agent Scott signaled the back-up officers ("arrest team") that the transaction had been completed and provided the team with a physical description of the defendant. Agent Scott and Agent Demery left the scene, and the arrest team arrived and arrested the defendant. Thereafter, Agent Scott and Agent Demery returned to the scene to identify the defendant as the person who had sold them the substance. The buy money was still in the *857 defendant's possession at the time of his arrest. Agent Scott conducted a field test on the substance they had purchased from the defendant, and it tested positive for cocaine. Subsequent tests conducted by a forensic chemist at the North Louisiana Crime Laboratory confirmed that the substance was cocaine, a Schedule II CDS.
The defendant was charged by bill of information with distribution of a Schedule II CDS, cocaine, a violation of LSA-R.S. 40:967(A)(1). Following a jury trial, the defendant was convicted as charged. The trial court adjudicated the defendant a second habitual offender and sentenced him to serve 15 years at hard labor without benefit of probation or suspension of sentence.

DISCUSSION
Sufficiency of the Evidence
The defendant contends the evidence presented at trial was insufficient to support a conviction of distribution of cocaine. According to the defendant, the state failed to meet its burden of proving that he was the person who sold the crack cocaine to the undercover agents.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, XXXX-XXXX (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Murray, 36,137 (La.App.2d Cir.8/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.9/5/03), 852 So.2d 1020. This standard, now legislatively embodied in LSA-C.Cr.P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, XXXX-XXXX (La.2/22/06), 922 So.2d 517; State v. Robertson, 96-1048 (La. 10/4/96), 680 So.2d 1165.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508, writ denied, XXXX-XXXX (La.11/14/03), 858 So.2d 422.
A reviewing court may intervene in the trier of fact's decision only to the extent necessary to guarantee due process of law. State v. Pigford, supra; State v. Mussall, 523 So.2d 1305 (La.1988). Accordingly, in cases relying on circumstantial evidence to prove one or more elements of the crime, when the fact-finder reasonably rejects the hypothesis of innocence advanced by the defendant at trial, that hypothesis fails, and the verdict stands unless the evidence suggests an alternative hypothesis sufficiently reasonable that rational jurors could not find proof of the defendant's guilt beyond a reasonable doubt. State v. Pigford, supra.
Cocaine is classified as a Schedule II CDS, and it is unlawful for any person to knowingly or intentionally distribute or dispense a Schedule II CDS. See, LSA-R.S. 40:964(A)(4) and 40:967(A)(1). To present sufficient evidence of distribution of a CDS, the state must prove the following elements: (1) delivery or physical transfer of the CDS to its intended recipient; (2) guilty knowledge of the CDS at the time of the transfer; and (3) the exact identity of the CDS. State v. Kelley, 36,602 (La.App.2d Cir.1/29/03), 836 So.2d 1243; State v. Manning, 30,809 (La.App.2d Cir. 6/24/98), 715 *858 So.2d 668. In cases involving a defendant's claim that he was not the person who committed the crime, the Jackson v. Virginia, supra, rationale requires the state to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Brady, 414 So.2d 364 (La.1982); State v. Powell, 27,959 (La. App.2d Cir.4/12/96), 677 So.2d 1008, writ denied, 96-1807 (La.2/21/97), 688 So.2d 520.
In the instant case, Agent Scott and Agent Demery testified that the defendant sold Agent Scott two rocks of crack cocaine in exchange for two prerecorded $10 bills. Agent Jerry Alkire, a member of the arrest team who apprehended the defendant near the scene of the transaction, testified that Agent Scott had described the defendant's physical appearance and came back to the scene to identify the defendant as the person who had sold him the crack cocaine. Agent Scott and Agent Demery both identified the defendant in court as the person from whom they had purchased the crack cocaine. This court has repeatedly held that positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Youngblood, 41,976 (La.App.2d Cir.5/9/07), 957 So.2d 305; State v. Davis, 27,961 (La.App.2d Cir.4/8/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12; State v. Miller, 561 So.2d 892 (La.App. 2d Cir. 1990), writ denied, 566 So.2d 983 (La. 1990).
Further, the testimony of the officers was corroborated by the fact that the two prerecorded $10 bills were in the defendant's possession when he was arrested within minutes of the drug transaction. In State v. Robinson, 624 So.2d 1260 (La.App. 2d Cir.1993), writ denied, 93-2899 (La.2/11/94), 634 So.2d 372, this court held that the trial court properly denied the defendant's alibi evidence regarding mistaken identity when the evidence showed that the marked $20 bill had been found on the defendant within minutes of the transaction.
In the instant case, we find that the state presented sufficient evidence to prove that the defendant was the person who committed the offense of distribution of cocaine, a Schedule II CDS. This assignment is therefore without merit.
Habitual Offender Adjudication
The defendant also contends the trial court erred in adjudicating him a second felony offender. He argues that the prior guilty plea cannot be used against him because the trial court that accepted that plea did not inquire into his level of education, age and ability to understand the plea agreement. The defendant maintains that those questions were pertinent because he was 17 years old at the time of the prior guilty plea.
We first point out that this issue is not properly before this court. A defendant claiming that a prior conviction is invalid must file a written response to the multiple offender bill of information. LSA-R.S. 15:529.1(D)(1)(b).[1] Where the record *859 does not contain a written objection to the multiple offender bill of information, the issue is not preserved for appellate review unless an oral objection is made at the hearing. State v. Kunzman, 31,976 (La.App.2d Cir.5/5/99), 741 So.2d 112.[2]
In the instant case, the record reveals that the defendant did not file a written response to the habitual offender bill of information, and he failed to raise an objection at the hearing. Therefore, the issue pertaining to the habitual offender adjudication is not properly before this court.
Even if the defendant had preserved the issue for appellate review, the claim lacks merit. The state's burden of proof in habitual offender proceedings under LSA-R.S. 15:529.1 is as follows:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge must then weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that the defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights.
State v. Shelton, 621 So.2d 769, 779-780 (La.1993)(footnotes omitted); State v. Zeigler, 41,617 (La.App.2d Cir.12/20/06), 945 So.2d 946. Furthermore, where the record establishes that an accused was informed of and waived his rights to trial by jury, to confrontation, and against self-incrimination, the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. State v. Scott, 34,949 (La.App.2d Cir.1/25/02), 823 So.2d 960, writ denied, XXXX-XXXX (La.5/16/03), 843 So.2d 1122; State v. Youngblood, 32,003 (La.App.2d Cir.5/5/99), 740 So.2d 687.
In this case, the state presented certified copies of the bill of information, court minutes and transcripts of the guilty plea in First Judicial District Court, Parish of Caddo Docket No. 147,296. The documents indicated that the defendant pleaded guilty to armed robbery on December 18, 1989 and that he was represented by counsel at the time he pleaded guilty. The state also presented the testimony of a fingerprint analyst, who testified that the fingerprints obtained from the defendant in open court matched those fingerprints contained in the Automated Fingerprint Identification System ("AFIS") file maintained by the Office of Probation and Parole *860 with regard to the conviction of armed robbery in Docket No. 147,296. The state also presented evidence that the defendant's name and date of birth were the same as listed on the first offender pardon issued in Docket No. 147,296. Additionally, the state presented the testimony of Bob Lee, the defendant's parole officer in Docket No. 147,296, who presented a photograph of the defendant from the AFIS with regard to Docket No. 147,296. Accordingly, we find that the state clearly met its burden of proving that the defendant was the person who pleaded guilty to armed robbery in First Judicial District Court, Parish of Caddo Docket No. 147,296.
In response to the state's evidence, the defendant offered no evidence to prove that there was a procedural irregularity or infringement of his rights. Further, the transcript of the prior guilty plea shows that the trial court properly advised the defendant of his right against self-incrimination, right to a trial by jury and his right to confrontation, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The colloquy was as follows:
COURT: Do you understand that you have a right to a trial by jury and that by pleading guilty you are giving up that right?
DEFENDANT: Yes, sir.
COURT: Do you further understand that you are giving up the right to be confronted at the trial by the witnesses against you and you are also giving up the right to have those witnesses questioned at the trial?
DEFENDANT: Yes, sir.
COURT: Additionally, do you understand that you are giving up your Fifth Amendment right to remain silent which is the right against compulsory self-incrimination?
DEFENDANT: Yes, sir.
COURT: Do you have any questions about those rights?
DEFENDANT: No, sir.
COURT: Do you understand those rights?
DEFENDANT: Yes, sir.
This court has previously rejected the argument that a trial court is required to inquire into a defendant's educational background or ability to understand the consequences of a guilty plea. In State v. Hill, 35,013 (La.App.2d Cir.9/26/01), 796 So.2d 127, the defendant alleged that his prior guilty plea should not be used for enhancing his current sentence because the trial court failed to inquire into his educational background or his ability to understand the plea and its consequences. In rejecting the defendant's argument, this court found that the minutes and Boykin colloquy proved that defendant waived his right to a jury trial, right of confrontation, and right against self-incrimination, and the state was not required to prove anything else before using the prior guilty plea for enhancement.
Likewise, in State v. Bryant, 34,244 (La. App.2d Cir.12/6/00), 775 So.2d 596, writ denied, XXXX-XXXX (La.11/21/01), 802 So.2d 627, the defendant challenged his adjudication as a habitual offender, arguing, inter alia, that the courts in his prior offenses failed to ascertain his educational background and failed to determine his ability to understand the plea or its consequences. This court rejected his argument, stating that as long as the Boykin requirements are met, "Louisiana courts have not required the state to prove the further elements that defendant raises." Id. at 604.
Based on the foregoing, the trial court did not err in adjudicating the defendant a second felony offender. This assignment is without merit.

*861 ERRORS PATENT
In accordance with LSA-C.Cr.P. art. 920, all appeals are reviewed for errors patent on the face of the record. A review of the record herein reveals three errors patent.
Transcripts of Sentencing Hearing
The record in this case contains two distinctly different transcripts of the defendant's sentencing hearing. The defendant filed a post-conviction relief application seeking an out-of-time appeal, and to it, he attached a transcript of his sentencing hearing conducted on June 10, 2003. In that transcript, Donna Frazier was listed as the assistant district attorney, and the trial court sentenced the defendant to 15 years in prison without benefit of probation or suspension of sentence, noting that he was eligible for good time. A second sentencing transcript appears in the appellate record. This transcript listed the same defendant, docket number, and date of sentencing as listed in the first transcript. The defendant was given the same sentence; however, the second transcript listed William Edwards as the assistant district attorney, and the trial court noted that the defendant was not eligible for good time. The minutes indicated that the trial court stated that sentence was to be served without benefit of good time, as reflected in the second transcript.
Upon noticing the disparity between the two transcripts, this court directed the court reporter to review his records to determine which transcript was correct. The court reporter responded that the first transcript attached to the defendant's post-conviction relief application was the correct one. Therefore, we hereby order the second transcript to be removed from the record and the court minutes to be amended to reflect the sentence in the correct transcript.
We note that the defendant may be ineligible for good time credit due to his conviction for distribution of cocaine and his adjudication as a habitual offender. See, LSA-R.S. 15:571.3(C)(1)(s), (C)(2) and (C)(3). However, a trial court lacks the authority to grant or deny good time. Except where otherwise provided by law, the provisions of LSA-R.S. 15:571.3(C) are directed to the Department of Corrections exclusively, and "the sentencing judge has no . . . role in the matter of good time credit." State ex rel. Simmons v. Stalder, 93-1852 (La.1/26/96), 666 So.2d 661, quoting Jackson v. Phelps, 506 So.2d 515, 517-18 (La.App. 1st Cir.), writ denied, 508 So.2d 829 (La.1987); see also, State v. Jones, 2006-2905 (La.8/31/07), 963 So.2d 382; State v. Narcisse, XXXX-XXXX (La.6/26/98), 714 So.2d 698.
Sentence
Our error patent review also reveals that the trial court failed to specify that the first two years of the defendant's sentence must be served without benefit of parole, probation or suspension of sentence, pursuant to LSA-R.S. 40:967(B)(4)(b). As noted above, the trial court found the defendant to be a second felony offender and sentenced him to 15 years at hard labor without benefit of probation or suspension of sentence as required by LSA-R.S. 15:529.1(G). We order that the trial court minutes be amended to reflect a sentence of 15 years at hard labor without benefit of probation or suspension of sentence and without benefit of parole for the first two years.
However, there is no need to remand for correction of the sentencing error. When a district court fails to order service of sentence without benefits in a case in which a determinate time period to be so served is mandated by the statute of *862 conviction, the sentence will automatically be served without benefits for the required time period. LSA-R.S. 15:301.1(A);[3]State v. Williams, XXXX-XXXX (La.11/28/01), 800 So.2d 790.
Delay for filing Application for Post-Conviction Relief
Our error patent review further reveals that the trial court failed to specifically advise the defendant at sentencing that he has two years from the time of the finality of his conviction and sentence to seek post-conviction relief as required by LSA-C.Cr.P. art. 930.8.[4] The record indicates that the trial court provided the defendant with a form to sign as acknowledgment that he had been informed of the time limitation; however, the form is absent from the record. Nevertheless, LSA-C.Cr.P. art. 930.8 contains supplicatory language which does not bestow an enforceable right on an individual defendant. State v. Hunter, 36,692 (La. App.2d Cir.12/20/02), 834 So.2d 6. Furthermore, this defect has no bearing on whether the sentence is excessive and, thus, is not grounds to reverse the sentence or to remand the case for resentencing. State v. Ferrell, 26,649 (La.App.2d Cir.12/7/94), 647 So.2d 427. Therefore, the defendant is advised, by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. arts. 914 and 922.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are hereby affirmed. Further, we order that the transcript which appears in the appellate record be removed from the record and we order the court minutes be amended to reflect the sentence ordered in the correct transcript. Additionally, we order the trial court minutes to be amended to reflect a sentence of 15 years at hard labor without benefit of probation or suspension of sentence and without benefit of parole for the first two years. CONVICTION AFFIRMED; SENTENCE AFFIRMED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] LSA-R.S. 15:529.1(D)(1)(b) provides, in pertinent part:

[I]f the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
[2] See also, State v. Wuneburger, 2003-490 (La. App. 5th Cir.10/15/03), 860 So.2d 78, writ denied, XXXX-XXXX (La.1/7/05), 891 So.2d 673; State v. Santee, XXXX-XXXX (La.App. 4th Cir.12/4/02), 834 So.2d 533.
[3] LSA-R.S. 15:301.1(A) provides:

When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
[4] LSA-C.Cr.P. art. 930.8(C) provides:

C. At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing. If a written waiver of rights form is used during the acceptance of a guilty plea, the notice required by this Paragraph may be included in the written waiver of rights.