385 So.2d 212 (1980)
STATE of Louisiana ex rel. Jerry Lynn PECK
v.
C. Paul PHELPS, Secretary, Department of Corrections.
No. 65995.
Supreme Court of Louisiana.
June 5, 1980.
*213 Joseph P. Williams, Jr., Metairie, for plaintiff-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, J. Marvin Montgomery, Asst. Attys. Gen., Judy F. Pierce, Staff Atty., Paul Carmouche, Dist. Atty., for defendant-respondent.
WATSON, Justice.
Relator Jerry Lynn Peck was paroled from Angola on May 21, 1974. On March 8, 1976, he was arrested on charges of forgery and parole violation and placed in the Caddo Parish Jail. Peck escaped, but was apprehended, convicted of forgery and escape and returned to Angola with his parole revoked. A writ was granted to consider the argument that the Department of Corrections (DOC) improperly cancelled all the good time Peck had earned prior to his release on parole.
Without question, relator is subject to forfeiture of 180 days of good time because of the revocation of his parole. La.R.S. 15:571.4(B), as amended by Acts 1974, No. 200.[1] The DOC went further, however, to cancel all good time credits earned by relator before his parole, acting under authority of the provision that "an inmate who escapes from custody will forfeit all good time earned on that portion of the sentence served prior to escape." Id., See also La. R.S. 15:571.8.
Peck argues that his escape from the parish jail was not an escape from DOC custody. The DOC contends that Peck was in constructive custody at the time of the escape because of his parolee status and the total forfeiture was proper. Relator's position is correct. Peck was not in the custody of the Department of Corrections when he escaped.
Theoretically, the DOC retains custody of its parolees. LSA-R.S. 15:574.7(A). Despite this, parolees do not earn diminution of their sentences for parole good time, and conversely, should not forfeit good time while on parole. The Department had a further interest in Peck during his incarceration in the parish jail because he was awaiting trial on a felony charge. Upon conviction, his parole would have been revoked, LSA-R.S. 15:574.10. However, there had been no conviction when the escape occurred.
Peck had not been transferred to the custody of the Department of Corrections. While an inmate can be in the Department's custody but not actually confined within the four walls of a prison, as, for example, when a DOC inmate is admitted to an outside hospital or clinic for medical treatment, that is not the case here. An institution housing a parolee is not an arm of the DOC, except when it is serving as an extension of the Department.
This interpretation of the forfeiture provision is in harmony with the policy underlying the good time law: to provide a disciplinary tool for prison officials. See State v. Hallal, 351 So.2d 97 (La.1977). Prison discipline, essentially a matter of internal housekeeping, should not be invoked for transgressions outside the system.
Accordingly, relator's escape from Caddo Parish Jail did not authorize a forfeiture of good time credits earned from the DOC before his parole; he is entitled to have those credits reinstated, with the exception of the 180 days forfeited for revocation of parole.
The writ is made absolute and the Department of Corrections is ordered to set aside the forfeiture of good time credits earned by relator prior to his escape from Caddo Parish Jail with the exception of the 180 days forfeited for revocation of parole.
NOTES
[1] Under State v. Curtis, 363 So.2d 1375 (La. 1978), the forfeiture provisions in effect at the time of the forfeiting conduct govern the computation of relator's good time.