595 So.2d 813 (1992)
STATE of Louisiana, Appellee,
v.
Frederick J. SMITH, Appellant.
No. 23442-KA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1992.
*814 Indigent Defender Office by John M. Lawrence, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Rebecca Irwin Bush, Asst. Dist. Atty., Shreveport, for appellee.
Before LINDSAY, HIGHTOWER and VICTORY, JJ.
HIGHTOWER, Judge.
Pursuant to a plea bargain, Frederick J. Smith, originally charged with aggravated rape, pled guilty to sexual battery, LSA-R.S. 14:43.1. Immediately thereafter, the trial court imposed the agreed-upon term of ten years at hard labor and further ordered that the sentence run consecutively with any other period of imprisonment arising from a possible Michigan parole violation. Defendant appeals only the consecutive aspect of his sentence. Deleting that portion, we affirm as amended.

FACTS
In the early morning hours of February 9, 1990, defendant broke into the trailer home of his mother's female neighbor, who awoke to find Smith standing over her bed. Covering the victim's eyes and disguising his voice, he violently raped the young woman, while threatening to harm her one-year-old child, asleep in a nearby room.
Weeks later, after an intensive investigation, authorities arrested defendant and initially indicted him for aggravated rape. When the state subsequently reduced the charge to sexual battery, he pled guilty in return for an assured sentence of ten years at hard labor, all pursuant to a plea agreement. This appeal ensued.

DISCUSSION
Prior to the instant offense, Smith had been convicted and paroled in Michigan, and his supervision apparently had been transferred to Louisiana. The present appeal asserts that the trial court erred in ordering that the now-imposed term of imprisonment be served consecutively with any sentence required upon possible revocation of that other state's parole.
Upon revocation of probation after another offense, the authority to order consecutive service rests with the court that originally imposed the probated sentence, rather than with the judge who presided over the second conviction. LSA-C.Cr.P. Art. 901; State v. Ester, 436 So.2d 543 (La.1983); State ex rel. Brently v. Dees, 388 So.2d 386 (La.1980); State v. Rowlins, 463 So.2d 829 (La.App.2d Cir.1985); State v. Strong, 463 So.2d 830 (La.App.2d Cir. 1985), writ denied, 466 So.2d 1300 (La. 1985). In the case sub judice, of course, we are concerned with parole as distinguished from probation.
Theoretically, inasmuch as parole authorizes service of a sentence outside the penitentiary, a parolee remains in the custody of the institution which paroled him. Cf. LSA-R.S. 15:574.7(A); State ex rel. Peck v. Phelps, 385 So.2d 212 (La.1980). Thus, in the instance of an out-of-state parolee, authorities of the "sending" state may retake the prisoner, without review by the receiving state. LSA-R.S. 15:574.14(A) (from the Compact for Out of State Parole Supervision). Of course, any pending prosecution or imprisonment must be first satisfied if so required by the host jurisdiction. Id. During service of any new sentence, the state originally granting parole may issue a warrant. See e.g. State ex rel. Bertrand v. Hunt, 308 So.2d 760 (La.1975), where the Louisiana Department of Corrections issued a warrant for the violation of a Louisiana parole, based upon two offenses committed in Texas and resulting in sentences there.
Essentially the prison authorities of the first sovereign, the state that granted parole, properly determine what effect any *815 new conviction will have upon the sentence imposed there. That decision appropriately encompasses both whether reasonable grounds exist for revocation, and, if so, whether service shall occur concurrently or consecutively with the later term of imprisonment.
In the present case, the State of Michigan convicted and sentenced defendant for an offense committed in that jurisdiction, and then granted parole from its prisons. Logically, it is now incumbent upon designated authorities in that state to resolve the extent to which its sentence will be impacted by the recent conviction.
Although the state argues that LSA-R.S. 15:574.10 should control in this matter, that statute clearly applies to paroles granted from a Louisiana penal institution. Consequently, its provisions cannot dictate the disposition of a Michigan sentence or parole.
Louisiana courts are simply without the power to revoke a Michigan parole. Equally, under these circumstances, our tribunals lack authority to demand that a potential Michigan sentence not run concurrently with a Louisiana sentence.

CONCLUSION
The trial court erred in ordering that the latest term of imprisonment be served consecutively to any other sentence which may be imposed upon revocation of the prior parole. That determination must be made by the appropriate Michigan officials.
Accordingly, that portion of the judgment ordering that defendant's incarceration to be served consecutively with any other sentence is hereby deleted. As so amended, the sentence is affirmed.
AMENDED AND AFFIRMED.
VICTORY, J., dissents with written reasons.
VICTORY, Judge, dissenting.
The sentencing judge merely ordered the Louisiana sentence to run consecutive to Michigan's imprisonment which might result from the parole violation. He clearly has the authority to determine if his Louisiana sentence is to run consecutively or concurrently to Michigan's. LSA-C.Cr.P. Art. 883, 883.1. I do not view the trial judge's order as an attempt to force Michigan authorities to run the time owed by the defendant to that state consecutively with the Louisiana sentence. Once the defendant serves his Louisiana sentence in full and is returned to Michigan for a parole violation, Michigan has the authority to decide if its sentence will be consecutive with the Louisiana sentence.
By the same token, in the event the defendant is returned to Michigan on a parole violation before serving his Louisiana sentence, if the Michigan authorities order his Michigan sentence to run concurrently with the Louisiana sentence, Louisiana is not obligated to honor Michigan's concurrent order. Michigan may not, in effect, require Louisiana to give the defendant credit for time served in Michigan against the Louisiana sentence.
Louisiana judges have the authority to determine how their sentences are to be served. So do Michigan judges. Neither has to defer to the other. In my view, the trial court's order, simply follows a principle of Louisiana law that sentences for unrelated offenses are to run consecutively, and that the defendant will be required to serve his Louisiana sentence without credit for time served in Michigan irrespective of what the Michigan authorities decide.