MOORE, J.
| t This is a consolidated appeal of two cases arising from three criminal conviction's by plea agreement of the defendant, Jeffrey McGuire. McGuire pled guilty to distribution of methamphetamine and dis *636 tribution of marijuana and was sentenced to 15 years’ imprisonment at hard labor and five years’ imprisonment at hard labor, respectively. In- a separate prosecution, the defendant pled guilty to posses-* sion of methamphetamine with the intent to distribute and was sentenced to 10 years’ imprisonment at hard labor. The court ordered that the sentences be served consecutively to each other and to any other sentence McGuire had to serve. McGuire now appeals his convictions and sentences. After review, we affirm the Convictions and sentences.
FACTS
Jeffrey McGuire was arrested on August 27, 2013, and charged in Case No. 202,939 with two counts of distribution of methamphetamine, in violation of La. R.S. 40:967 and one count of distribution of marijuana, in violation of La. R.S. 40:966. He was released on bond and later arrested again on November 14, 2013, and charged with possession of methamphetamine with intent to distribute, in violation of La. R.S. 40:967 in Case No. 202,981.' He was also charged with possession of drug paraphernalia, and two counts of possession of a Schedule IV controlled dangerous substance, Soma and Xanax, in Case Nos. 202,982,202,984, and 202,985.
On November 15, 2013, attorney Kevin Berg, from the Public Defender’s Office, was appointed to represent McGuire. On January 14, | ⅞2014, arraignment was waived and the defendant entered a plea of not .guilty. The trial court advised McGuire of his right to trial and set the matter for status conference on April 15, 2014. The minutes indicate that the state supplied discovery.
When the parties appeared for the April 15, 2014, status conference, Kevin Berg was unavailable, so the court’s only action was to reset the status conference for June 10, 2014. Attorney Sangbahn Scere stood infor Berg..;
On April 22, 2014, Kevin Berg filed a motion for discovery on the defendant’s behalf and requested copies of the prosecution’s file, including exculpatory information and materials. The motion was granted and the trial court ordered the state to comply or appear on May 13, 2014, and state why the state should not comply.
The state’s response, filed April 24, 2014, stated that attached was a copy of the district attorney’s file, including the police reports, ■ warrants, statements,, criminal records, transfer documentation, photos and the bills of information. The response also stated that any audio and video made in connection with' the investigation would' be provided in a separate response.
At the June 10,2014, status conference, Kevin Berg was again unavailable, and the substitute counsel asked to stand in for Berg, stating he had a conflict and could not represent McGuire. The court simply reset the matter for July 8,2014.
McGuire appeared on July 8, 2014, with counsel Kevin Berg and announced that he was withdrawing his plea of not guilty and accepting the ^state’s plea bargain offer. In.exchange for his plea of guilty .to possession .of methamphetamine with intent to distribute, in Gase No. 202,981, as well as one count of distribution of methamphetamine and one. count of distribution of marijuana in Case No. 202,939, the other count of distribution of methamphetamine in Case No. 202,939, would be dismissed and the charges of possession of drug paraphernalia and two counts of possession of Schedule IV drugs would also be dismissed.' There was no agreement as to sentencing.
McGuire confirmed that he was 33 years old, was able to read and write, and had a *637 college degree. He confirmed that he had discussed his cases with his attorney,-Kevin Berg, and was satisfied with his attorney. The defendant said that he understood the three charges and the penalty range for each offense, which was 2-30 years at hard labor and'an optional fine of up to $50,000 for distribution' of methamphetamine and possession with- intent to distribute methamphetamine,' and 5-30 years at hard labor and a fine of no inore than $50,000 for distribution of marijuana.
McGuire also confirmed that he understood that by pleading guilty, he would waive his right to trial, his right to confront and cross-examine his accusers, his right' to subpoena witnesses to* testify-bn his behalf, his' right to remain sileht, and his right to appeal his convictions. McGuire said he was not forced to plead guilty, was not promised anything to plead guilty, and was not promised any sentence to plead guilty. He confirmed that his attorney had advised him of his legal rights as to the charged offenses.
I .[The following factual .statement was provided as a basis for the guilty plea. On August 18, 2018, a member of the Bossier Task Force executed a controlled buy, in which McGuire sold 2.6 grams of methamphetamine' to an undercover agent for $250. Another controlled buy occurred on August 27, 2013, in which the defendant sold the undercover officer 3.2 grams of marijuana in exchange for $100. In both cases, the controlled buys were observed by surveillance officers, Who also recorded audio and video of the controlled buys. The drugs obtained tested positive for methamphetamine and marijuana in the field and again later in the lab. McGuire was arrested and released on bond.
On November 14, 2013, agents again arrested McGuire after they observed him transacting a sale of methamphetamine at a local casino. The drugs seized tested positive both in- the field and the lab for methamphetamine. No audio or video recording was made of this arrest.
McGuire confirmed that those facts were correct and pled guilty to all three counts. Thé trial court found that the guilty pleas were voluntarily made under full understanding of the defendant’s rights and based on sufficient evidence. The remaining count for distribution of methamphetamine in Case No. 202,939 was nol prossed, as were the charges in Case Nos. 202,982,202,984, and 202,985.
On .September 23, 2014, McGuire appeared for sentencing. .The trial court stated that the defendant’s presentence investigation report, with the attached letters, had been reviewed. The court then allowed the defendant to speak. McGuire’s only comment was a request that he be allowed to |,-.participate in a drug rehabilitation program and the trial court responded that he would be recommended for substance abuse treatment.
The trial court' reviewed the factual basis for the crime, as provided in the PSI report. Attached to the PSI was a letter from the defendant, stating that he was remorseful and' regretted his decisions, that he planned to live a sober life free of drugs and> crime, and that he planned to live with his parents and return to his former job at a hair salon. A second letter from his parents confirmed that- they would allow him to live with them cost-free so that he could return to his former salon job and that they were confident in their son’s decisions while incarcerated to live a better life and get help for his drug addiction. - -
As noted by the trial court, McGuire has a lengthy criminal history in Texas. There were numerous arrests for theft and drug possession, and he had five felony convictions in Texas. McGuire was still on *638 probation when he committed the instant crimes and after his arrest in Bossier City; a detainer was issued. The instant offenses bring his total number of felonies to eight.
A lifelong resident of Marshall, Texas, McGuire completed high school and a two-year cosmetology course. He previously worked as a car salesman, a waiter and a bank teller. He worked at a hair salon for three years and- had been unemployed for about nine months when he committed the instant offenses. McGuire is single, has never married, has no children, and lived with his parents. He admits to a drug addiction that began at age 15 with marijuana and that increased at age 18 with methamphetamine use.
|fiThe trial court reviewed the sentencing guidelines from La. C. Cr. P. art. 894.1 and noted that McGuire needed correctional treatment by commitment to an institution, that any lesser sentence would deprecate the seriousness of the crimes committed, that there were no grounds to justify the defendant’s conduct, and that the defendant had a lengthy criminal history so the offenses were likely to recur.
In Case No. 202,939, McGuire was sentenced on Count 1, distribution of methamphetamine, to 15 years’ imprisonment at hard labor. On Count 3, distribution of marijuana, he was sentenced to five years’ imprisonment at hard labor. In Casé No. 202,981, for possession of methamphetamine with intent to distribute, he was. sentenced to 10 years’ imprisonment at hard labor. The trial court ordered that the sentences were to be served consecutively. to each other and to any other sentence McGuire had to serve. He was given credit for time served and recommended for substance abuse , treatment.
McGuire stated “I thought you said five to ten.”- His appointed attorney, Kevin Berg, replied, “Huh-uh. It carries, up to thirty.”
On .October 6, 2D14, McGuire filed a motion to substitute counsel and notified the court that he ■ had retained attorney DeVan Pardue as his counsel, to replace appointed attorney Kevin Berg. On October 14, 2014, Pardue filed on his client’s behalf a motion to reconsider sentence or withdraw guilty plea. The motion requested a contradictory hearing based on grounds that McGuire told his.new attorney that he never saw discovery from the state and the newspaper said there.was a surveillance tape available Land McGuire asserted that any recording would exonerate him. McGuire’s new attorney stated that he had been unsuccessful at obtaining McGuire’s file from his prior attorney.
The trial court denied the motion on October 14, 2014, without stating reasons. McGuire moved for appeal on October 23, 2014, and the appeal was granted on October 27,2014.[1]
On March 30, 2015, this court ordered these two appeals consolidated for purposes of briefing, docketing, and disposition. • - . .
DISCUSSION
By his first assignment of error, the defendant alleges that the trial court erred by. allowing counsel that has been conflicted out of the case to represent the defendant during motion stages. .Additionally, he makes several claims asserting ineffective assistance of counsel. The defendant complains that:
*639 (1) his appointed attorney, Kevin Berg, only saw him twice before he pled guilty and' so could not have had the opportunity to properly represent and advise McGuire prior to the defendant’s guilty pleas.
(2) the attorney who stood in for Kevin Berg during the April 15, 2015, status conference failed to file a motion for ■ discovery or complain that the state had not filed a discovery re- • sponse.. .• . ■
(3) his appointed attorney did not show up at the June 10, 2015, status conference and an attorney who had a conflict, because he was appointed to represent McGuire’s codefendant, was allowed to represent McGuire.
k(4) his. trial attorney could not have properly advised him because the attorney did not have the audio/video recording from the August 13, 2014, and August 27, -2013, controlled drug buys.
(5) his trial attorney failed to object during the guilty plea colloquy when the state referred to a video surveillance that was not disclosed.
(6) the trial attorney failed to argue in favor of the defendant. '
(7) the trial court erred by denying him the opportunity to have a hearing and demonstrate that the state had audio and video evidence that should have been disclosed prior to the guilty plea.
(8) the defendant’s statement to counsel after sentencing, “I thought you. said five to ten,” indicates the defendant’s detrimental reliance or a lack of understanding on the part of the defendant and/pr his attorney.
Based upon these claims, the defendant argues that he was denied effective assistance of counsel. ;
The state responded that the record does not'support the defendant’s argument that he was prejudiced by other counsel standing in when his appointed attorney was- unavailable, since nothing was done, the status conference was merely reset to another date, and the state filed a discovery response on January 15, 2014, and April 24, 2014.
A claim of ineffective assistance of counsel is more properly raised in an application for post-conviction reliéf than on appeal, because La. C. Cr. P. art 930 provides the opportunity for an evidentiary hearing. State v. Carter, 2010-0614 (La.1/24/12), 84 So.3d 499, cert. denied, Carter v. Louisiana, — U.S. -, 133 S.Ct. 209, 184 L.Ed.2d 40 (2012); State v. Ellis, 42,520 (La.App. 2 Cir. 9/26/07), 966 So.2d 139, writ denied, 07-2190 (La.4/4/08), 978 So.2d 325. However, where the record contains sufficient evidence to resolve the issue and the issue is raised by assignment of error, the issue may be resolved on direct appeal in the interest of judicial economy. State v. Smith, 1998-1417 (La.6/29/01), 793 So.2d 1199; cert. denied, Smith v. Louisiana, 535 U.S. 937, 122 S.Ct. 1317, 152 L.Ed.2d 226 (2002); State v. Clark, 47,424 (La.App. 2 Cir. 10/3/12), 107 So.3d 644, writ denied, 2012-2595 (La.5/3/13), 113 So.3d 210.
A criminal defendant’s Sixth Amendment right to effective assistance of counsel is the basis of the two-prong test of whether an attorney’s performance was so deficient under prevailing standards that it prejudiced the defendant to the extent that he was deprived of his constitutional right to due process. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Wry, 591 So.2d 774 (La.App. 2 Cir.1991).
A deficient performance is established by showing that the attorney’s actions fell below the standard of reason *640 ableness- and competency required for - attorneys in criminal cases and is evaluated from the attorney’s perspective at the time of the occurrence. Strickland, supra. A reviewing court miist give great deference to trial counsel’s judgment, tactical decisions, and trial strategy, strongly presuming he has exercised reasonable professional judgment. State v. Grant, 41,745 (La.App. 2 Cir. 4/4/07), 954 So.2d 823, writ denied, 2007-1193 (La.12/7/07), 969 So.2d 629; State v. Moore, 575 So.2d 928 (La.App. 2 Cir.1991).
Once the attorney’s performance is found to have been deficient, the court next considers whether that performance resulted in errors so serious |10that the defendant was deprived of a fair trial with a reliable result. Strickland, supra. The defendant must prove the deficient performance caused him an actual prejudice so severe that, but for his counsel’s deficient performance, there is a reasonable probability that the outcome of the proceedings would have been different. Strickland, supra; State v. Pratt, 26,862 (La.App. 2 Cir. 4/5/95), 653 So.2d 174, writ denied, 95-1398 (La.11/3/95), 662 So.2d 9.
The constitutional standard for effectiveness of counsel claims is the same in guilty plea cases as in cases which have gone to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); State v. Wry, 591 So.2d 774, 779 (La.App. 2 Cir,1991). In Hill v; Lockhart, supra, the requirement of prejudice was interpreted to mean, in the guilty plea context, that but for counsel’s unprofessional or erroneous advice,- the defendant would have pleaded not guilty and elected to go to trial. State v. Wry, swpra.
The defendant complains that he was denied effective assistance of counsel because he only- saw his attorney two times prior to his guilty plea, because on 'two occasions his appointed attorney was unavailable for a status conference and someone else stood in while the court reset the matter, because the substitute counsel did not make a demand for discovery, and because his attorney advised him as to the state’s plea bargain offer and the guilty plea before seeing the surveillance video.
The defendant has not shown that ■he was prejudiced in any way when other counsel stood in for his appointed attorney, since the only action taken |nwas that the status conference was reset. Furthermore, there was no need for substitute counsel-to make demand for discovery, and the defendant was not prejudiced when substitute counsel.did not make such a demand, since McGuire’s appointed attorney filed a request for discovery.
The record contains no affidavit from his trial attorney or other evidence that addresses the attorney’s thoughts or actions on any of the these issues. As noted above, a reviewing court gives deference to trial counsel’s judgment, tactical decisions, and trial strategy, strongly, presuming he has exercised . reasonable professional judgment. There is no showing that the attorney did not have sufficient time to prepare and consider the discovery available, including the police report, any statements by the undercover officers or assisting officers about the controlled drugs buys or the drug transaction observed at the casino, or the evidence indicating the drugs seized were positive for methamphetamine and marijuana. There is no showing that the attorney was unable to consider all this evidence and the absence of the surveillance video against the state’s offer to drop charges in two other cases and another count of distribution of meth-amphet’amine,' which would drastically reduce the defendant’s Sentence exposure. Nor is there any showing of prejudice, especially since the defendant greatly ben-efitted from the plea bargain-that his trial *641 attorney negotiated for him, where four charges against him were dropped in exchange for his guilty plea. The defendant does not assert that he otherwise would have elected to go to trial and face sentences on seven charges instead of three.
I «We conclude that there is insufficient evidence in this record to support the defendant’s claims of ineffective assistance of counsel. As previously stated, ineffective assistance of counsel claims are best raised by post-conviction relief process, where the defendant may request an .evidentiary hearing in which his trial attorney could testify as to his intent and actions.
By hid second assignment of error, the defendant alleges the trial court’s imposition of consecutive sentences that total 30 years is erroneous and contrary to law. The defendant complains that during sentencing the trial court focused only on his criminal history while failing to'notice that he had no history of drug rehabilitation and failing to consider that his drug addiction *was the cause of his criminal actions. McGuire argues that he has an addiction problem and that a 30-year sentence for an addiction problem is grossly disproportionate to- the’ crimes 'committed and a needless and purposeless infliction of pain and suffering that shocks the sense of justice. - He also complains that the trial court failed to properly articulate its reasons for imposing the three sentences to run consecutively. -
The state responds that McGuire has an established' pattern of criminal behavior for selling illegal narcotics and that the imposition of consecutive sentences was warranted under the circumstances of the case and the defendant’s criminal background. The' state also notes ■. that (1) McGuire was charged with three different offenses committed on. three different dates and at three different locations; and (2) the maximum for the offenses to which he pled-guilty was 30 years on each count, and McGuire hsonly got 15 years, 5 years, and 10 years. The state argues that 30 years for repeated offenses of distribution of, illegal narcotics does not shock the sense of justice in light of McGuire’s criminal history and the benefit.-he received by-pleading guilty.
McGuire is' charged with violating La. R.S. 40:966 and La. R.S. 40:967. Under La. R.S. 40:967, the'penalty for distribution, or possession with the intent to distribute, methamphetamine, a Schedule II, controlled dangerous substance, is imprisonment at hard labor for a minimum of two and a maximum of 30 years at hard labor, with an optional fine of not more than $50,000. Under La. R.S. 40:966, the penalty for distribution of marijuana is a minimum of five and a maximum of 30 years’ imprisonment at hard labor, and a fine of not more than $50,000. .
A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in imposing sentences within the minimum and maximum, limits- allowed, by the statute., State v. Zeigler, 42,661 (La.App. 2 Cir. 10/24/07), 968 So.2d 875. Accordingly, a sentence will not be set aside as excessive unless the defendant shows the trial court abused, its discretion. State v. Mandigo, 48,801 (La.App. 2 Cir. 2/26/14), 136 So.3d 292, writ denied, 2014-0630 (La.10/24/14), 151 So.3d 600. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque, 46,-515 (La.App. 2 Cir. 9/21/11), 73 So.3d 1021, writ denied, 2011-2347 (La.3/9/12), 84 So.3d 551.
|MAn excessive sentence is reviewed by examining whether the trial *642 court adequately considered the guidelines established ⅛ La. C. Cr; P. art. 894.1 and whether the sentence is constitutionally excessive. State v. Gardner, 46,688 (La.App. 2. Cir. 11/2/11), 77 So.3d 1052. The defendant’s personal history, all • prior criminal activity,- and the seriousness of the offense are some of the elements considered, but the trial court is not required to weigh any specific matters over other matters. State v. Moton, 46,607 (La.App. 2 Cir. 9/21/11), 73 So.3d 503, writ denied, 2011-2288 (La.3/30/12), 85 So.3d 113; State v. Caldwell, 46,645 (La.App. 2 Cir. 9/21/11), 74 So.3d 248, writ denied, 2011-2348 (La.4/27/12), 86 So.3d 625; State v. Platt, 43,708 (La.App. 2 Cir. 12/3/08), 998 So.2d 864, writ denied, 2009-0265 (La.11/6/09), 21 So.3d 305.
Where the defendant’s motion to reconsidér sentence alleges' mere exces-siveness of sentence, on appeal the reviewing court is limited to considering whether the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Boyd, 46,321 (La.App. 2 Cir. 9/21/11), 72 So.3d 952.
Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App. 2 Cir. 4/6/05), 899 So.2d 733; State v. White, 37,816 (La.App. 2 Cir. 12/17/03), 862 So.2d 1123.

Consecutive versus concurrent sentences

La. C, Cr. P. art. 883 provides:
|1BIf the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment ■ shall be served concurrently unless the court expressly directs that some or all be- served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
Prior to accepting the defendant’s guilty plea, the trial court advised McGuire of the potential sentence for each of the charges and there was no sentencing agreement made part'of the record that would have justified a belief that the defendant should have expected any particular sentence. MeGuire was observed illegally selling narcotics to. undercover agents on two different occasions. After his arrest for these offenses he was released on bond and was again-caught selling drugs. His criminal history , reflects that he has been caught illegally possessing or selling drugs many times since 2002. Despite having charges dismissed or receiving probated sentences, McGuire ignored these many “second chances,” continued his career in drug sales, and accumulated five felony convictions before the instant offenses. Even after his. first arrest here, where he faced three counts of distribution, he continued to sell drugs and added charges for possession. with intent to distribute, .possession of drug paraphernalia, and two counts of possession of a Schedule IV drug. The trial court noted in review of. .McGuire’s personal history that he had a long history of drug use and that the defendant requested substance abuse treatment, which the trial court was glad to recommend.
| KiMcGuire faced a potential 30-year sentence for each of the three offenses and yet received only 15 years for the first offense, 5 years for the second offense, and 10 years for the third offense. These sentences are nowhere near the maximum and *643 there is nothing in the record to support any belief that he might have received a cumulative sentence of 10 years, given the charges he faced and his criminal record. Furthermore, by pleading guilty he significantly reduced his sentence exposure because four charges were dismissed. -
As to the order that these séntences run consecutively, McGuire pled guilty to three different offenses that occurred on three different dates at three different locations. As these charges did not arise out of the same act or transaction and were not part of a common scheme, under La. C. Cr. P. art. 883 these sentences would run consecutively by default, unless the trial court found some reason that they should- be served concurrently, which was not the case here.
In light of the offenses charged, the significant reduction in sentence exposure afforded by the guilty plea, and the defendant’s extensive criminal history of similar narcotic offenses, the sentences imposed are not a needless or purposeless infliction of pain and suffering.and do not shock the sense of justice. This claim is without merit.
In his third assignment of error, defendant contends that the trial court’s denial óf his motion to reconsider or withdraw guilty plea is erroneous and contrary to law.
|17McGuire argues that even though the state had filed a response stating that the audio/video surveillance would be provided in a separate response, the recording was never provided before the guilty plea. He argues that in the motion to reconsider or withdraw guilty plea he tried to’ alert the trial court to the fact that the state failed to comply with the court order to provide discovery, but the trial court denied the motion without granting a hearing; He complains that the prosecution has a duty to disclose exculpatory evidence and that he was prejudiced by the failure to disclose the audio/video recording because he was sentenced to 30 years in prison when he was led to believe that he would get only five to 10 years.
The state responds that the audio/video recording was not ’ delivered to the state until after the guilty plea hearing, and for that reason, it was 'not provided to the defense prior to the guilty plea. However, the state asserts that the recording is not favorable to the defendant, and that it supports the state’s other-inculpatory evidence, such as the police report, that was provided to the defendant prior to the guilty plea. The state argues that McGuire knew about the existence of the recording at the time he 'pled guilty and yet made no reservation of discovery issues at the time of his plea.,.
A.guilty plea relieves the state of the burden of proving guilt and waives the defendant’s right to question the merits of the state’s case and the factual basis underlying the conviction, as well as appellate review of the state’s case against the defendant. State v. Mack, 45,552 (La.App. 2 Cir. 8/11/10), 46 So.3d 801. A trial court may set aside a guilty plea and 1^sentence when the facts surrounding the guilty plea show .tt to be constitutionally deficient. State v. Pannell, 37,620 (La.App. 2 Cir. 10/29/03), 859 So.2d 881.
A defendant has no absolute right to withdraw a guilty plea, and the discretion to allow the withdrawal of a guilty plea lies with the trial court. State v. Martin, 48,045 (La.App. 2 Cir. 5/15/13), 115 So.3d 750. When the record establishes that the defendant was informed of and waived his rights to'a trial by jury, to confront his accusers, and to remain silent and not incriminate himself, then the burden shifts to the accused to prove that, *644 despite this record, his guilty plea was involuntary. Id.
Generally, the denial of withdrawal of a guilty plea will not be reversed on appeal when the record shows the defendant was informed of his rights and the consequences of the plea and that the plea was entered voluntarily. State v. Stewart, 47,679 (La.App. 2 Cir. 1/16/13), 109 So.3d 916, writ denied, 13-0303 (La.9/20/13), 123 So.3d 163. The court must consider whether there was a breach of a plea bargain, inducement, misleading advice of counsel, and the strength of the evidence of actual guilt. Id. In the absence of fraud, intimidation or . incompetence of counsel, a guilty plea is not made less voluntary or less informed by the considered advice of counsel. Id.
Suppression by the prosecution of evidence favorable to an accused upon his request for such evidence violates due process where the evidence is material either to guilt or tb punishment, irrespective of the good faith or bad faith of the prosecution. State v. Johnson, 48,325 (La.App. 2 Cir. 9/18/13), 135 So.3d 705, writ denied, 2013-2451 (La.4/11/14), 137 So.3d 1213. Discovery Violations involving the state’s failure to disclose exculpatory evidence do not reqúire reversal unless they have actually prejudiced the defendant. State v. Carter, 2010-0614 (La. 1/24/12), 84 So.3d 499, cert. denied, Carter v. Louisiana, — U.S. -, 133 S.Ct. 209, 184 L.Ed.2d 40 (2012).
It is only when the defendant is lulled into a misapprehension of the strength of the state’s case through the prosecution’s failure to disclose timely or fully, and the defendant suffers prejudice when the undisclosed evidence is used against him, that basic unfairness results which constitutes reversible error. State v, Johnson⅛ supra. A breach of the obligation to disclose exculpatory evidence under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), requires a showing that the evidence is .favorable to the accused, either because it is exculpatory or impeaching; the evidence was willfully or inadvertently suppressed by the state, and the defendant was prejudiced as a result. State v. Courier, supra.
The state’s failure to supplement discovery responses prior to a defendant’s guilty plea does not vitiate the defendant’s consent to the plea agreement where there is no showing that the evidence was not the cause without which defendant would not have entered into a guilty plea and there was no indication that, had the-evidence been disclosed to the defense,' the result of the guilty plea proceeding would have been any different. State v. Waguespack, 589 So.2d 1079 (La.App. 1 Cir.1991) writ denied, 596 So.2d 209 (La.1992).
|gnWe conclude that the surveillance evidence, although not timely delivered to the defense prior to the guilty plea, was timely disclosed to the defense prior to the guilty plea and was not suppressed by the state. Although McGuire suggests that the recording would exonerate him, he does not provide any specifics on .how the tape would establish his innocence. The defendant never challenged that there was a mistake in identity before he pled guilty. Accordingly, there is no evidence indicating that the evidence was exculpatory, 'and the prosecution argues that the surveillance recording supports the state’s other evidence, which includes the police report of the drug sales and the lab results confirming that the drugs seized were methamphetamine and marijuana. There is no indication that the defendant was misled about the strength of the state’s case here.
There is no dispute that the state provided discovery, disclosed the existence of the surveillance recording, and indicated *645 that the surveillance recording would be provided. The defendant’s attorney knew the recording had not yet been received but was also-, well aware 'of the other evidence that the law enforcement ■ officers could testily to at trial, and the penalties that McGuire would be exposed to if they went to trial versus the reduced penalties that he would be exposed to if he pled guilty and four of the charges were dismissed. McGuire confirmed during the plea colloquy that he had discussed his legal options regarding these charges with his attorney and that he was satisfied with his representation. McGuire could have waited for the surveillance recording, but instead chose to avail himself of the significant benefits offered by the state’s plea bargain — four charges |aiwould be dropped, thus reducing the number of convictions and the penalties he would serve for his crimes.
The facts here suggest that McGuire chose to plead guilty but was later unhappy with the sentences imposed. However, there is no evidence whatsoever that would suggest that McGuire would have otherwise gone to trial on the seven drug trafficking charges or that the result here would have been any .different had the defendant received the surveillance recording prior to- his guilty plea. The record does not support the defendant’s claim that he was prejudiced because he did not receive the requested evidence before he pled guilty or the defendant’s claim that the trial court abused its discretion in denying his request to withdraw his guilty plea.
Accordingly, we find no error in the trial court’s denial of the motion to reconsider or allow the defendant to withdraw his guilty plea. This assignment is without merit.
CONCLUSION
For the reasons stated above, we find no merit in the defendant’s assignments of error. Therefore, we affirm the defendant’s convictions and sentences.
' CONVICTIONS ' AND SENTENCES AFFIRMED.