GUIDRY, J.
*516 An inmate appeals the dismissal of his petition for judicial review contesting the computation of his sentence by the Louisiana Department of Public Safety and Corrections (DPSC). For the following reasons, we vacate the district court's judgment and remand this matter with instructions.
FACTS AND PROCEDURAL HISTORY
According to documentation in the record before us, on July 29, 2013, the appellant, Tracy Kent, committed the offense of possession of a controlled dangerous substance (marijuana) with intent to distribute in violation of La. R.S. 40:966(A) (count 1), while also being in violation of La. R.S. 14:95.1, as a convicted felon in possession of a firearm (count 2). On March 18, 2014, Mr. Kent pled guilty[1] to both offenses and was sentenced to 18 years imprisonment at hard labor on each count by the Twenty-Fourth Judicial District Court of Jefferson Parish, Louisiana (24th JDC). As to count 1, the sentence was without the benefit of probation or suspension of sentence.[2] As to count 2, the sentence was without the benefit of parole, probation, or suspension of sentence. The sentencing court ordered that the sentences run concurrently with any and all other sentences that Mr. Kent might be serving, including his sentence under case number 815236, out of the 174th District Court of Harris County, Texas.
On reviewing his master prison record less than a month after sentencing, Mr. Kent determined that his sentence was not being executed in conformity with the sentence imposed by the sentencing court. Consequently, Mr. Kent filed a "motion to correct illegal sentence" with the sentencing court, alleging that his sentence was not being "run concurrently." By an order signed November 10, 2014, the sentencing court denied Mr. Kent's motion, citing Madison v. Ward, 00-2842, p. 11 (La. App. 1st Cir. 7/3/02), 825 So.2d 1245, 1255, and observing that the First Circuit has held that the Corrections Administrative Remedy Procedures Act [CARP], La. R.S. 15:1171 -79, is "the exclusive remedy by which an offender may challenge the DPSC's time computations." Further citing La. R.S. 15:571.15, the sentencing court held that by statute, Mr. Kent's claim contesting the computation of his sentence had to be filed in East Baton Rouge Parish.
Accordingly, Mr. Kent filed administrative remedy procedure (ARP) request number HDQ-2016-2726, seeking relief for his complaint that he was not receiving credit "for the time he served in Harris County[,] Texas on his sentence under case No. 815-236." In his ARP, Mr. Kent stated that "[i]t should be noted that the prisoner is not challenging the credit he received regarding case No. 13-3877 of the 24th Judicial Court nor anytime [sic] he served on parole for Harris County[,] Texas."
Upon failing to receive a response to his ARP, Mr. Kent filed a request for a writ of mandamus with the Nineteenth Judicial District Court of East Baton Rouge Parish (19th JDC), to be issued to the secretary of the DPSC, James LeBlanc, ordering *517 him to respond to the ARP. Mr. Kent also filed a petition for judicial review, noting that more than 90 days had elapsed without any response to the ARP he had filed.[3] A commissioner[4] with the 19th JDC issued an order to Secretary LeBlanc, directing him to respond to the mandamus request within 30 days.
In response to the commissioner's order, Secretary LeBlanc filed an answer to Mr. Kent's petition for judicial review, acknowledging that Mr. Kent had exhausted available administrative remedies. The secretary then denied the allegations of Mr. Kent's petition and specifically denied that Mr. Kent "is entitled to any additional jail credits towards his instant sentence or that his sentence computations are in error." Along with his answer, Secretary LeBlanc filed a copy of the administrative record with the 19th JDC, which included the secretary's second step response to Mr. Kent's ARP. In the second step response, the secretary found that the relief requested in Mr. Kent's ARP "basically is to include all jail credit." The following reasons, in pertinent part, were given for denying the ARP:
[Y]our court minutes state that docket # 133877 is to run concurrently with case number 815236 out of Harris County, TX. The minutes [do] not state or give specific dates as to how much jail credit you should receive from Texas. According to Department Regulation B-04-001 you are entitled to credit for time served ONLY if you were held out-of-state SOLELY on the Louisiana warrant and/or charge. You should contact the arresting agency in [Harris] County, TX[,] requesting that they provide LA DOC with the arrest record which includes the arresting charge.[5 ] Remember, credit will not be applied if you were in custody on another charge or for the State of Texas.
Notably, the second step response appears to be dated on or after Mr. Kent filed his request for issuance of a writ of mandamus and his petition for judicial review in the 19th JDC.[6]
The commissioner subsequently ordered the parties to submit arguments by brief. Upon review of the administrative record, the commissioner found no error in the DPSC's time computations. The commissioner therefore recommended that the DPSC's decision be affirmed and that Mr. Kent's petition be dismissed, with prejudice, at his costs. By a judgment signed September 13, 2017, the district court affirmed the decision of the DPSC and dismissed Mr. Kent's petition for judicial review with prejudice. Mr. *518 Kent timely appealed that judgment to this court.
DISCUSSION
In his appellate brief, Mr. Kent presents several issues for review, all of which generally assert that the DPSC and the district court erred in failing to give him credit on his sentences for the time he previously served in Texas. It is Mr. Kent's contention that such action is in disregard of the sentence ordered by the 24th JDC.
As pointed out by Mr. Kent, on March 18, 2014, the sentencing court stated the following upon initially sentencing Mr. Kent:
[I]t is the Court's intention that [the sentences] run concurrent with any time that you may be owing the State of Texas for a parole violation in case number 815-236, and that's 174th District Court, Harris County.
As I told you, I can't guarantee that they will honor my request , but I'm putting it in the minute entry that it is my intention that this sentence run concurrent with any and all other sentences that you may be serving , as well as any parole violations that you may owe Texas.
....
Also you get credit for all time served. [Emphasis added.]
Before the court concluded sentencing, the prosecution sought to have Mr. Kent adjudicated a second felony habitual offender on count 1. Upon Mr. Kent's acquiescence to the adjudication, the sentencing court vacated the initial sentence imposed for count 1 and imposed a new sentence. On imposing the new sentence, the sentencing court decreed:
That sentence is to be served without benefit of probation or suspension of sentence, and that's concurrent with count two, and the Court is also going to recommend that it run concurrent with any and all other sentences, including the sentence out of case number 815-236 of the 174th District Court in Harris County, Texas. You are to be given credit for all time served. [Emphasis added.]
In Blair v. Stalder, 99-1860, p. 9 (La. App. 1st Cir. 1/31/01), 798 So.2d 132, 139, this court recognized:
It is well settled that the determination of the sentence a defendant is to serve, and what, if any, conditions are to be imposed on that sentence, is made by the trial judge, not the defendant's custodian. The custodian's obligation is to see that the sentence imposed is the sentence served. Thus, [the DPSC] is charged with the responsibility of complying with any conditions placed on a sentence by the trial judge. [Citation omitted.]
Based on these principles, this court ordered the DPSC to comply with the sentencing court's order in calculating the defendant's sentence in that case, which included giving the defendant credit against his sentences for time previously served on an out-of-state offense. Blair, 99-1860 at p. 10, 798 So.2d at 140.
The facts of the instant case, however, differ from the facts in Blair in two material respects. First, the sentencing court in Blair expressly stated that the defendant in that case was to receive credit for time previously served out-of-state and provided the specific dates for the time previously served. Blair, 99-1860 at pp. 6-7, 798 So.2d at 137. Second, at the time the court sentenced the defendant in Blair, the prohibition against granting a defendant credit for any time served prior to the commission of the offense for which the defendant was being sentenced did not exist. In 2011, however, the Louisiana Legislature *519 amended La. C. Cr. P. art. 880 to expressly provide that "[n]o defendant shall receive credit for any time served prior to the commission of the crime." La. C. Cr. P. art. 880(C) ; see 2011 La. Acts, No. 186, § 1.
The record reveals that Mr. Kent was prosecuted and sentenced to 15 years imprisonment for the offense of possession of marijuana in the amount of "more [than] 5 lbs less [than] 50 lbs" under case number 815236 in the 174th District Court, in Harris County, Texas, on April 30, 2001.[7] Other than the plea judgment indicating that at the time of sentencing for the Texas offense, Mr. Kent had accrued 278 days of jail credit, there is nothing else in the record to indicate exactly how long Mr. Kent was incarcerated relative to the Texas offense.[8]
In reviewing the sentence imposed by the 24th JDC, it should first be recognized that in ordering concurrent sentences, the sentencing court appeared to be facilitating a means by which the Texas court could give Mr. Kent credit against any remaining Texas sentence he might be ordered to serve in the event his parole is revoked based on his subsequent commission of felony offenses in Louisiana. As duly noted by the sentencing court, it could not "guarantee" that the request would be honored.
In State v. Smith, 595 So.2d 813 (La. App. 2d Cir. 1992), the court recognized that Louisiana courts are without authority to demand that a potential sentence from another state run concurrently with the Louisiana sentence. As the court in Smith explained, "the state that granted parole [will] properly determine what effect any new conviction will have upon the sentence imposed there. That decision appropriately encompasses both whether reasonable grounds exist for revocation, and, if so, whether service shall occur concurrently or consecutively with the later term of imprisonment." Smith, 595 So.2d at 814-15.
A similar proposition was recognized by this court in Dorman v. Ward, 97-1662, p. 5 (La. App. 1st Cir. 6/29/98), 718 So.2d 474, 476, writ denied, 98-2497 (La. 4/23/99), 740 So.2d 647, wherein this court held that because the sentencing court in Florida expressly ordered that the defendant's Florida and Louisiana sentences be served concurrently, the defendant was entitled to receive credit for the time served in Florida against his Louisiana sentence because such was authorized by Louisiana law. Consequently, whether Mr. Kent will receive credit on any sentence imposed by the Texas court will depend on whether the Texas court will choose to exercise its authority, if any, to allow concurrent sentencing as proposed by the 24th JDC. Hence, compliance with the concurrent sentencing imposed by the 24th JDC will be up to the responsible authorities in Texas, not the DPSC.
What remains at issue, however, is the sentencing court's decree as to time served. The commitment order explicitly states that "[d]efendant is given credit for time served from date of initial arrest til today for each day defendant actually served." The sentencing court's order as recited in the transcript and minute entry, however, is less explicit, as they both show that the court simply decreed that Mr. *520 Kent be "given credit for all time served."[9] If a discrepancy exists between the commitment order and the transcript, the transcript prevails. State v. Tillery, 14-429, p. 22 (La. App. 5th Cir. 12/16/14), 167 So.3d 15, 29, writ denied, 015-0106 (La. 11/6/15), 180 So.3d 306. Thus, considering the decree as recited in the transcript, it is unclear whether the sentencing court intended to grant Mr. Kent credit only for the time served pending his prosecution for the Louisiana offenses or whether the court also intended to award him credit for the time served in Texas for his felony conviction in that state, which sentence predated his commission of the instant Louisiana offenses. Compare Williams v. Cooper, 05-2360, p. 6 n.2 (La. App. 1st Cir. 10/6/06), 945 So.2d 48, 51 n.2 (where the minute entry and other evidence in the record helped to clarify the ruling of the sentencing court as recited in the transcript).
We recognize that interpreting the sentencing court's decree in accordance with Williams v. Cooper would in essence mean that the sentencing court rendered an illegal sentence. See La. C. Cr. P. art. 880(C). It is well established that a defendant in a criminal case does not have a constitutional or statutory right to an illegal sentence. State v. Williams, 00-1725, p. 9 (La. 11/28/01), 800 So.2d 790, 797. But on judicial review, the district court is without authority to correct an illegal sentence. Instead, the DPSC is required to carry out the sentence as imposed by the sentencing court. Boddye v. LA. Dept. of Corrections, 14-1836, p. 7 (La. App. 1st Cir. 6/26/15), 175 So.3d 437, 441-42, writ denied, 15-1688 (La. 10/30/15), 180 So.3d 303 (citing Robinson v. Stalder, 08-0495, p. 5 (La. App. 1st Cir. 9/23/08), 21 So.3d 318, 320, writ denied, 09-0539 (La. 12/11/09), 23 So.3d 916 ).
In this case, the sentence imposed by the sentencing court is unclear. Hence, it is uncertain whether or not the DPSC is complying with sentencing court's order. Clarity as to the sentence imposed is needed and must be sought from the sentencing court. See Blair, 99-1860 at pp. 9-10, 798 So.2d at 139-40 (wherein it was noted that the sentencing court held evidentiary hearings and issued additional orders to specify its sentence, and the DPSC was directed to calculate the defendant's sentence in accordance with the clarified orders); see also La. C. Cr. P. art. 882. Pending clarification from the sentencing court, we find that the evidence before the 19th JDC was insufficient for it to properly rule on Mr. Kent's petition for judicial review.
CONCLUSION
As we have recognized that the sentence imposed is unclear with respect to the order of credit for "all" time served and as the sentence was imposed pursuant to a plea agreement, we vacate the district court's judgment on judicial review and remand this matter to the 19th JDC with instructions to transfer the case to the 24th JDC for a definitive ruling as to the sentence imposed. See La. C. Cr. P. arts. 929 - 930 ; Blair, 99-1860 at pp. 3-6, 798 So.2d at 134-137. Costs associated with this appeal in the amount of $785.00 are assessed to the Louisiana Department of Public Safety and Corrections.
VACATED AND REMANDED WITH INSTRUCTIONS.
Crain, J. dissents and assigns reason
Penzato, J. dissents for the reasons assigned by Judge Crain
CRAIN, J., dissents.
*521 The sentencing judge referenced the Texas conviction in connection with the concurrent nature of the sentence imposed. He did not reference it in ordering credit for all time served. Similar language regarding credit for time served is commonly used to refer to the charges being prosecuted in the sentencing court. I find no ambiguity in the trial court's order that the defendant be given credit for all time served and consider it governed by Louisiana Code of Criminal Procedure article 880, which prohibits credit for time served prior to the commission of the crime.
The inmate seems to argue the trial court deviated from the provisions of Article 880 and ordered credit for time served in Texas pursuant to a plea agreement. Louisiana Code of Criminal Procedure article 890.1 authorizes a trial court "to depart from the mandatory terms of imprisonment and conditions placed on those sentences otherwise specified by law by agreement of all parties." State v. Kondylis , 14-0196 (La. 10/3/14), 149 So.3d 1210, 1211. However, the record before us contains no evidence of such an agreement relative to credit for time served. Therefore, I would find the district court properly dismissed the petition for judicial review.

The record indicates that Mr. Kent withdrew his original "not guilty" pleas and pled guilty to the offenses pursuant to a plea agreement.

This sentence is the heightened sentence imposed after Mr. Kent was adjudicated a second offense, habitual offender.

In his petition for judicial review, Mr. Kent alleged that he had filed an ARP with the warden of the Allen Correctional Center, and upon failing to receive a response, he filed a request for a second step review with Secretary LeBlanc. According to DPSC regulations, "[n]o more than 90 days from the initiation to completion of the process shall elapse, unless an extension has been granted. Absent such an extension, expiration of response time limits shall entitle the offender to move on to the next step in the process." LAC 22:I.325(J)(1)(c).

CARP suits are generally assigned to a commissioner at the 19th JDC to conduct all proceedings and to make a recommendation of disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. See La. R.S. 13:713(A).

We observe that La. C. Cr. P. art. 883.1(C), however, provides that "[i]f the department needs information relating to the sentence not provided in the Uniform Sentencing Commitment Order, it may request that information from the court." (Emphasis added.)

The second step response appears to be dated as either the 13th or 17th of March, 2017.

The date he committed the offense was January 26, 1999.

While the sentencing court referred to Mr. Kent as being paroled on the Texas offense, there is no information in the record regarding the specifics of such parole.

The guilty plea waiver form signed by Mr. Kent and the sentencing court is annotated with an even broader comment of "credit for any & all time served." (Emphasis added.)